IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT
STATE OF ALABAMA

RECEIVED

CHRISTOPHER McCULLOUGH, #174909 ✱ CR. NO. 03-1103

2007 JAN -8  A 9:41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

PETITIONER, ✱ TRIAL COURT

VS.

STATE OF ALABAMA,   ✱ CASE NO: CC-2002-318

RESPONDENT,   ✱ 3:07CV26-mef

✱

INITIAL BRIEF OF PETITIONER

ORAL ARGUMENT REQUESTED

CHRISTOPHER McCULLOUGH
W.E. DONALDSON   #174909
100 WARRIORLANE
BESSEMER, ALABAMA 35023

PRO 'SE

# STATEMENT REGARDING ORAL ARGUMENT

ORAL ARGUMENT IS RESPECTFULLY REQUESTED. THE FACTUAL AND LEGAL ARGUMENTS PRESENTED IN THE BRIEFS AND RECORDS AND THE DECISIONAL PROCESS WOULD BE SIGNIFICALLY AIDED BY ORAL ARGUMENT

1.

# TABLE OF CONTENTS                                    PAGE NO'S

STATEMENT REGARDING ORAL ARGUMENT . . , I.

TABLE OF CONTENTS . . . . . . . . . . . . . II.

TABLE OF AUTHORITIES . . . . . . . . . III, IV

STATEMENT OF THE CASE . . . . . . . . . . . . PAGE 1.

STATEMENT OF ISSUES PRESENTED . . . . PAGE 2.
FOR REVIEW

STATEMENT OF FACTS . . . . . . . . . . PAGE 3.

SUMMARY OF ARGUMENT . . . . . . . . . PAGE 4.

ARGUMENT . . . . . . . . . . . . . . PAGES 5-21.

I. VERDICT WAS CONTRARY TO THE LAW . . . PAGES 5-8.
AND THE WEIGHT OF THE EVIDENCE

II. ADMISSION OF FALSE EVIDENCE . . . . PAGE 8.

III. TRIAL JUDGE GAVE IMPROPER . . . . . PAGES 8-11.
JURY CHARGE, REFUSE TO ANSWER
JURY'S QUESTIONS, REFUSED TO GIVE
REQUESTED JURY CHARGE, AND VIOLATED
HIS DISCRETION AT MY SENTENCE
HEARING.

IV. ILLEGAL SEARCH AND SEIZURE . . . . PAGES 11-13.
OF VEHICLE

V. CONFLICTED TESTIMONY OF . . . . . . PAGES 5-7.
STATE WITNESS'S

VI. PRIVILEGE AGAINST SELF- . . . . . PAGES 13-16.
INCRIMINATION

VII. INEFFECTIVE ASSISTANCE OF . . . . PAGES 17-19.
COUNSEL

VIII. THE VALUE OF A WAIVER OF RIGHTS . PAGES 20-21.
FORM

CONCLUSION . . . . . . . PAGE 22.

CERTIFICATE OF SERVICE . . . . . . PAGE 23.

PAGE II.

# TABLE OF AUTHORIZTIES

AUTHORITY:                              PAGE NO'S:

CASES:

GRAYSON V. STATE 675 So. 2D 516
 (ALA. CRIM. APP. 1995) . . . . . . . PAGE 17.

BEDWELL V. STATE 710 So. 2D 493
 (ALA. CRIM. APP. 1997) . . . . . . . . PAGE 12

JONES V. STATE 555 So. 2D 333
 (ALA. CRIM. APP. 1989) . . . . . . PAGE 10.

MOBLEY V. STATE 563 So. 2D 29
 (ALA. CRIM. APP. 1990) . . . . . . . . PAGE 7.

WATKINS V. STATE 497 So. 2D 194
 (ALA. CRIM. APP. 1985) . . . . . . PAGE 16.
            AFFIRMED

DILL V. STATE 7175 So. 2D 6
 (ALA. CRIM. APP. 1984) . . . . . . PAGE 16.

GIBSON V. STATE 555 So. 2D 784
 (ALA. CRIM. APP. 1989) . . . . . PAGE 21.

DEUTCSH V. STATE 610 So. 2D 1212
 (ALA. CRIM. APP. 1992) . . . . . . PAGE 10.

WOODS V. STATE 485 So. 2D 1243
 (ALA. CRIM. APP. 1986) . . . . . . PAGE 9.

EX PARTE G.G. 601 So. 2D 890
       (ALA 1992) . . . . . . . . . PAGE 14.

PRANTL V. STATE 462 So. 2D 781
     (ALA. CRIM. APP. 1984) . . . . PAGE 14.

JONES V. STATE 481 So. 2D 1183 . . . PAGE 15.
     (ALA. CRIM. APP. 1985.

III.

# TABLE OF AUTHORITIES (CONTINUED)

AUTHORITY:                                          PAGE NO's:

CASES:

HUGGINS V. STATE 41 ALA. APP. 548
  142 SO 2D 915 CERT. DENIED . . . . . . PAGE 15.

HOLLINS V. STATE 415 SO 2D 1249
(ALA. CRIM. APP. 1982) . . . . . . PAGE 15.

MANIGONE V. STATE 740 SO 2D 444 . . . . PAGE 16.

RUFFIN V. STATE 513 SO 2D 63
(ALA. CRIM. APP. 1987) . . . . . . . . . . PAGE 16

BROADHEAD V. STATE 24 ALA APP. 516
139 SO 115 (1932) . . . . . . . . . . . PAGE 15.

HOOKS V. STATE 534 SO 2D 329
  (ALA. CRIM. APP. 1987) . . . . . . . . PAGE 10.

GUTHRIE V. STATE 616 SO 2D 914 . . . . PAGE 19.

EX PARTE HARDLEY 766 SO 2D 154 1999
  ALA. LEXIS 337 (ALA 1999) . . . . . . . . . PAGE 5.

    STATUES AND OTHER AUTHORITIES:
    ALA. CODE § 13A-4-2 . . . . . . . . . PAGE 14, 16
    ALA. CODE § 13-A-5-47 . . . . . . . . . PAGE 10.
    ALA. RULES OF COURT 26.9 (2002) . . . PAGE 10.

ADDED AUTHORITY:
CASES:
EX PARTE BESSELAAR V. STATE
600 SO 2D 978, 979 (ALA 1982) PAGE 19.
BENEFIELD V. STATE PAGE 19.
583 SO 2D 1370 (ALA CRIM. APP. 1991)
SHIPMAN V. STATE PAGE 12.
291 ALA 484, 282 SO 2D 700
WEAVER V. STATE
710 SO 2D 480 PAGE 20.

IVEY V. STATE
709 SO 2D 502 (ALA. CRIM. APP. 1997)
PAGE 12.
TOMLIN V. STATE
591 SO 2D 550
(ALA. CRIM. APP. 1991), PAGE 18.
MICHIES CRIMINAL CODE
ANNOTATED (2003) PAGE 29
BEASLEY LYKES JR. V. STATE 709 SO 2D 1335
(ALA. CRIM. APP. 1997) PAGE 12.

IV

# STATEMENT OF THE CASE

ON OR ABOUT AUGUST 5, 2002 I WAS INDICTED BY THE CHAMBERS COUNTY GRAND JURY FOR THE CHARGE OF ATTEMPTED BURGLARY 1ST DEGREE WITH A WEAPON IN MY POSSESSION.

I WENT TO JURY TRIAL ON NOVEMBER 13RD & 14TH OF 2003 AND WAS FOUND GUILTY AS THE INDICTMENT CHARGED AND SENTENCED TO FORTY YEARS IMPRISONMENT.

AT SENTENCING JUDGE RAY MARTIN DID VIOLATE HIS JUDICIAL DISCRETION.

AT THIS JURY TRIAL ON NOVEMBER 13TH & 14TH OF 2003 HE VIOLATED HIS JUDICIAL DISCRETION BY GIVING IMPROPER JURY CHARGE TO THE JURY AND REFUSED TO GIVE THE REQUESTED JURY CHARGES.

JUDGE RAY MARTIN DID VIOLATE HIS JUDICIAL DISCRETION BY REFUSING TO RESPOND TO THE JURY'S 2 QUESTIONS WHEN THEY SHOWED DIFFICULTY ON DECIDING THE EVIDENCE.

DISTRICT ATTORNEY BILL LISENBY DID ADMIT FALSE EVIDENCE AT THIS JURY TRIAL TO WIT; A BLUE SKI MASK.

CASE WAS AFFIRMED BY THE COURT OF CRIMINAL APPEALS. CERT DENIED TO ALABAMA SUPREME COURT. THEN I FILED POST-CONVICTION RULE 32 TO CHAMBERS COUNTY CIRCUIT ON MARCH 29, 04 ON WHICH IT WAS DENIED ON SEPTEMBER 26 2005 ON WHICH IN THE 18 MONTH TIME SPAN THE JUDGE DID NOT GIVE ME A EVIDENTIARY HEARING AS I REQUESTED

PAGE 1

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I. VERDICT WAS CONTRARY TO THE LAW AND THE WEIGHT OF THE EVIDENCE.

II. ADMISSION OF FALSE EVIDENCE.

III. TRIAL JUDGE GAVE IMPROPER JURY CHARGE, REFUSED TO ANSWER JURYS QUESTIONS, REFUSED TO GIVE REQUESTED JURY CHARGE, AND VIOLATED HIS DISCRETION AT MY SENTENCE HEARING.

IV. ILLEGAL SEARCH AND SEIZURE OF VEHICLE.

V. CONFLICTED TESTIMONY OF STATE WITNESSS.

VI. PRIVILEGE AGAINST SELF-INCRIMINATION

VII. INEFFECTIVE ASSISTANCE OF COUNSEL.

VIII. THE VALUE OF A WAIVER OF RIGHTS FORM.

PAGE 2.

## STATEMENT OT TACTS

I WAS CONVICTED OT ATTEMPTED BURGLARY 1ST DEGREE ON NOVEMBER 13TH AND 14TH 2003. PRIOR TO THE JURYS VERDICT BEING CONTRARY TO LAW AND TO THE WEIGHT OT THE EVIDENCE AN DIRECT APPEAL FOLLOWED ON WHICH WAS AFFIRMED BY THE COURT OT CRIMINAL APPEALS AND CERTIORRARI WAS DENIED BY ALABAMA SUPREME COURT. POST-CONVICTION RULE 32 WAS FILED AND I PROCEEDED AS PRO SE ON MARCH 19, 2004 AND IT WAS DISMISSED ON SEPTEMBER 25, 2005 WITHOUT EVIDIENTIARY HEARING. SEVERAL ISSUES WAS RAISED ON THIS POST-CONVICTION PETETION WHICH WAS WARRANTED TOR EVIDIENTIARY HEARING. I DID NOT RECIEVE NOTIFICATION OT DISMALL UNTIL DECEMBER 2006 AFTER I WROTE THE CIRCUIT CLERK TOR UPDATE STATUS,

PAGE 13.

## SUMMARY OF ARGUMENT

THE JURYS VERDICT WAS CONTRARY TO LAW AND THE EVIDENCE.

STATE DID NOT PROVE THAT I WAS IN POSSESSION OF A WEAPON WHEN THIS ALLEGED CRIME TOOK PLACE.

TRIAL JUDGE VIOLATED HIS DISCRETION TWICE DURING THE PHASE OF THIS JURY TRIAL. DISTRICT ATTORNEY SUBMITTED OR ADMITTED FALSE EVIDENCE CONFLICTED TESTIMONY BY WITNESS'S FOR THE STATE. PRIVILEGE AGAINST SELF-INCRIMINATION INEFFECTIVE ASSISTANT OF COUNSEL AND THE VALUE OF AN WAIVER OF RIGHTS FORM.

PAGE 4.

# ARGUMENT

## STANDARD OF REVIEW

CORROBORATION WAS INSUFICIENT WHERE, BUT FOR ACCOMPLICES TESTIMONY AND THE DEPUTY'S HEARSAY REFERENCES TO THE OTHER ACCOMPLICES STATEMENTS, THERE WAS NO EVIDENCE TENDING TO CONNECT DEFENDANT WITH THE COMMISSION OF THE CRIME; THE EVIDENCE UPON WHICH DEFENDANT WAS CONVICTED EMANATED MERELY FROM THE BARE STATEMENTS OF THE ACCOMPLICES.

EX PARTE HARDLEY, 766 SO. 2D 154 (1999) ALA. LEXIS 337 (ALA. 1999).

**I.** VERDICT WAS CONTRARY TO LAW AND THE WEIGHT OF THE EVIDENCE.

THIS COURT WILL REVIEW THE ISSUE OF WHETHER THE JURY'S VERDICT WAS CONTRARY TO LAW IF DEFENDANT CAN DISCLOSE THAT THE WEIGHT OF THE EVIDENCE WAS IN HIS FAVOR. DEFENDANT CONTENDS THAT AT THIS JURY TRIAL ON NOVEMBER 13TH AND 14TH OF 2003 THAT THERE WAS COMPLETE CONFLICT REGARDING THE WITNESSS TESTIMONY FOR THE STATE, AND ONE OF THE STATEMENTS THE STATE WITNESS MADE ON THE DAY OF THE INCIDENT. AT THIS JURY TRIAL MRS. PEARL TRAMMELL THE HIRED HELP TESTIFIED AT THIS TRIAL RIGHT BEFORE MRS. JUDITH GRAGGS DID MRS. PEARL TRAMMELLS STATEMENT SAID THAT SHE WAS POSITIONED IN THE BACK OF THE HOUSE WHERE SHE WAS FOLDING SOME CLOTHES ON WHICH SHE SAW A VERY TALL BLACK MALE WITH A BANDANNA AROUND HIS FACE LOOKING INTO A WINDOW.

PAGE 5

AND SHE ALSO STATES AFTER SHE SAW THIS ONE
MAN SHE NOTIFIED THE GRAGGS IMMEDIATELY.
AFTERWARDS SHE STATED THAT SHE AND JUDITH GRAGG
WENT TO A BEDROOM ALSO LOCATED AT THE BACK OF
THE HOUSE AND SAW SOMEONE RUNNING IN THE GRAGGS
BACK YARD. AT TRIAL MRS. TRAMMELL TESTIMONY
GOES AS FOLLOWS : SHE PROCLAIMS THAT SHE WAS
AT THE BACK OF THE HOUSE FOLDING CLOTHES
WHEN SHE SAW A VERY TALL BLACK MAN LOOKING
INSIDE A BACK WINDOW AND THAT SHE SAW
ANOTHER MAN WITH A SKI-MASK AT THE FRONT
OF THE HOUSE, THIS TESTIMONY ALONE IS CONTRADICTORY
BECAUSE IF SHE WAS POSITIONED IN THE BACK OF
THE HOUSE IT WAS SIMPLY IMPOSSIBLE FOR HER TO
VIEW THE SIDE OR THE FRONT OF THIS VERY LARGE
HOUSE. THEN SHE GOES ON TO SAY THAT SHE AND
MRS. JUDITH GRAGG BOTH WENT INSIDE OF A
BEDROOM TO LOOK OUT A WINDOW AND THEY BOTH
SAW TWO MEN RUNNING TOWARD THE BARN IN THE
BACK YARD. SHE TESTIFIED THAT THEY WERE
STANDING SIDE BY SIDE WHEN THIS ACT OCCURRED
MRS. JUDITH GRAGG THEN CAME TO THE WITNESS
STAND TO TESTIFY RIGHT AFTER MRS. PEARL TRAMMELL
AND SPECIFICALLY STATED UNDER OATH THAT SHE
WAS NOT GOING TO LIE AND TESTIFIED THAT WHY
SHE AND MRS. TRAMMELL WERE LOOKING OUT THIS
BEDROOM WINDOW SHE SAW ONE MAN RUN THROUGH HER
BACK YARD AND DESCRIBED EXACTLY ON WHAT HE WAS
WEARING ON THIS DAY. SHE SAID THAT THE MAN
THAT SHE SAW WAS VERY TALL AND HAD ON A WHITE
T-SHIRT AND BLUE JEANS WHICH SHE DESCRIBED ON
WHAT BILLY NORRIS HAD ON THIS DAY TO THE EXACT
COMPACITY. SHE TESTIFIED THAT HE WAS THE
ONLY PERSON THAT SHE SAW ON HER PROPERTY.
MRS. TRAMMELL WAS ASKED BY DEFENSE ATTORNEY ON
WHAT I WAS WEARING SHE PROCLAIMED THAT SHE
DID NOT REMEMBER.

MR. MIKE GRAGGS THEN TESTIFIED AND STATED THAT HE DID NOT SEE ANY ONE ON HIS PROPERTY AND THAT HE WENT SOLELY BY WHAT HIS WIFE HAD TOLD HIM. MORE CONTRADICTION IS THAT BOTH WOMEN TESTIFIED THAT THEY WERE LOOKING OUT THE SAME WINDOW AT THE SAME TIME BUT MRS. JUDITH GRAGG WHO IS THE OWNER OF THIS HOUSE SAYS THAT SHE SAW ONE MAN ON HER PROPERTY AND MRS. PEARL TRAMMELL WHO WAS THE HIRED HELP STATED THAT SHE SAW TWO MEN. I STAND TO CHALLENGE THAT AT THIS JURY TRIAL MRS. JUDITH GRAGG TESTIMONY SHOULD HAVE OUTWEIGHED MRS. PEARL TRAMMELL TESTIMONY ON WHICH WAS IN MY FAVOR. THIS ALONE SHOWS THAT THE JURYS VERDICT WAS SUPPORTED BY INSUFFICIENT EVIDENCE. THE JURY IS SUPPOSED TO COLLATE AND APPRAISE THE INDEPENDENT EVIDENCE AGAINST EACH DEFENDANT SOLELY UPON THE DEFENDANTS OWN ACTS. MOBLEY V. STATE, 563 SO. 2D 9 (ALA. CRIM. APP. 1990), AND THE UNDISPUTED TESTIMONY OF ALL WITNESS THAT STATES THAT ON MARCH 19, 2002 DAY OF THIS INCIDENT, THAT NO ONE SAW ANY GUN OR SAID ANYTHING ABOUT ANY ONE HAVING A GUN. THIS TESTIMONY OF THREE OF THE STATE WITNESS'S ON WHICH WERE THE PEOPLE WHO OCCUPIED THIS RESIDENCE ON THE DAY OF ALLEGED CRIME ELIMINATED ANY USE OF A WEAPON INVOLVED IN THIS ALLEGED CRIME. THE ALABAMA LAW IS WELL SETTLED THAT IF A DEFENDANT IS ACCUSED OF COMMITTING A CRIME WITH A WEAPON AND ALL THE EVIDENCE TEND TO SHOW THAT IT WAS DONE WITHOUT A WEAPON THERE IS A FATAL VARIANCE BECAUSE THE GUN CONSTITUTES THE SERIOUSNESS OF THE CHARGE, MICHIES CRIMINAL CODE ANNOTATED (2003).

PAGE 7.

THERE FOR THE JURY MADE AN INCOMPETENT
DECISION ON FINDING ME GUILTY AS THE
INDICTMENT CHARGED SOLELY BASED ON
INSUFICIENT EVIDENCE. IF ALL THE EVIDENCE
SHOWS THAT NO WEAPON WAS USED TO COMMITT
THIS ALLEGED CRIME THEN THE JURY COULD NOT
FIND ME GUILTY OF COMMITTING THIS
OFFENSE WITH A WEAPON. THERE FORE THE STATUE
OF THIS CRIME IS DEDUCTED FROM CLASS A TO
CLASS G ON WHICH ATTEPTED BURGLARY 3RD DEGREE
IS KNOWN OR CONSIDERED AS CRIMINAL TRESPASS
1ST DEGREE WHICH IS AN CLASS A MISDEMEANOR.
THERE FORE THE JURY WAS INCOMPETENT AND
WAS WITHOUT JURISDICTION TO PASS SUCH VERDICT.

## II. ADMISSION OF FALSE EVIDENCE

I THE DEFENDENT CONTEND THAT THE
DISTRICT ATTORNEY BILL LISENBY DID
WILLINGLY ADMITT FALSE EVIDENCE TO
WIT A BLUE SKI MASK ON WHICH THE LANETT
POLICE DEPARTMENT OFFICERS NEVER TOOK OFF
ME AT THIS STOP. THE VIDEO TAPE OF THIS
STOP DISGLOSES THAT I WALKED AWAY WITH
THIS SKI-MASK AND DISPOSED OF IT AT
THE LANETT POLICE DEPARTMENT.
THE ONLY THING ON WHICH MADE ME A
PARTY TO THIS CRIME WAS THE SKI-MASK
ON WHICH THEY NEVERED TOOK FROM ME.
SO THE SKI-MASK THAT HE PRESENTED AT
THIS JURY TRIAL WAS FALSE EVIDENCE
THIS VIDEO TAPE WILL DEFINITELY SHOW THIS

PAGE 8.

## III. TRIAL JUDGE GAVE IMPROPER JURY CHARGE, REFUSED TO ANSWER JURYS QUESTIONS, REFUSED TO GIVE REQUESTED JURY CHARGE, AND VIOLATED HIS DISCRETION AT MY SENTENCING HEARING

I THE DEFENDANT DO HEREBY CONTEND THAT JUDGE RAY MARTIN GAVE ERRONEOUS INSTRUCTIONS TO THE JURY REGARDING THE OFFENSE OF ATTEMPTED BURGLARY 2ND DEGREE. I CONTEST THAT THIS JURY CHARGE WAS ERRONEOUS AND IMPROPER BECAUSE AFTER ALL THE EVIDENCE WAS PRESENTED BY THE STATE AND DEFENDANT IT SHOWED THAT NO WEAPON WAS INVOLVED IN THIS ALLEGED CRIME. SO BY NO WEAPON BEING USED TO COMMITT THIS ALLEGED CRIME IT CONSTITUTED AND WARRANTED FOR A LESSER INCLUDED OFFENSE. 14TH AMENDMENT STATES THAT NO STATE SHALL DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROSESS OF LAW. DUE PROCESS REQUIRES THAT A LESSER INCLUDED OFFENSE INSTRUCTION BE GIVEN ONLY WHEN THE EVIDENCE WARRANTS SUCH AN INSTRUCTION WOODS V. STATE, 485 SO. 2D 1243 (ALA. CRIM. APP. 1986) AT THIS JURY TRIAL THE EVIDENCE DEFINITELY WARRANTED A LESSER INCLUDED OFFENSE OF ATTEMPTED BURGLARY 3RD DEGREE WHICH IS CONSIDERED AS AN ACT OF CRIMINAL TRESPASSING AN CLASS A MIS DEMEANOR. JUDGE RAY MARTIN GAVE THE JURY WHICH IS NOT A LESSER INCLUDED OFFENSE OF ATTEMPTED BURGLARY 1ST DEGREE. (SEE MICHIES CRIMINAL THIS IS REVERSIBLE ERROR PREJUDICIAL. CODE ANNOTATED 2003). ALSO THE JURY SHOW DIFFICULTY CONTEMPLATING OVER THE EVIDENCE ON WHICH THEY ASKED JUDGE RAY MARTIN FOR HIS HELP THEY POSED TO QUESTIONS TO HIM TO SPECIFY THEIR DIFFICULTIES. ① WAS THERE ANY FINGER PRINTS ON THE GUN.
② DID HE HAVE A CHANCE TO WRITE HIS OWN STATEMENT.

PAGE 9.

HIS RESPONSE WAS QUOTE-UNQUOTE (I AM NOT GOING TO ANSWER ANY OF YOUR QUESTIONS, YOU HEARD ALL OF THE EVIDENCE YOUR SELFS YOU MUST DECIDE ON THE EVIDENCE THAT YOU HEARD.)

A TRIAL JUDGE HAS SOME OBLIGATION TO MAKE REASONABLE EFFORTS TO ANSWER A QUESTION FROM THE JURY.

WHEN A JURY EXPLICIT ITS DIFFICULTY AT TRIAL A TRIAL JUDGE SHOULD CLEAR THEM AWAY WITH CONCRETE ACCURACY.

DEUTCSH V. STATE, 610 So. 2D 1212 (ALA.CRIM. APP. 1992).

ALSO AT SENTENCING HEARING JUDGE RAY MARTIN DID VIOLATE HIS DISCRETION BY VIOLATING RULES OF COURT RULE 26.9 (U) AFFORD THE DEFENDANT AN OPPURTUNITY TO MAKE A STATEMENT IN HIS OWN BEHALF BEFORE IMPOSING SENTENCE.

HE ALSO VIOLATED HIS DISCRETION ON THE GROUNDS OF THE JUDGE DID NOT ASK THE COURT GENERALLY IF THERE WAS ANYTHING FURTHER FROM ANYBODY. THIS IS A PROPER ALLOCUTION.

JONES V. STATE, 555 So. 2D 333 (ALA.CRIM. APP. 1989).

AND BY REVIEWING ALL THE EVIDENCE AT THIS JURY TRIAL HE KNEW THAT THE CO-DEFENDANT WAS NOT CORROBORATED THIS CONSTITUTES THE FOLLOWING AUTHORITY ALTHOUGH JURYS DECISION CONCERNING SENTENCE IS TO BE GIVEN CONSIDERATION BY THE TRIAL JUDGE, HE MAY ACCEPT OR REJECT THAT VERDICT.

HOOKS V. STATE, 534 So. 2D 329 (ALA. CRIM. APP. 1987).

(13A-5-47)(C.) BEFORE IMPOSING SENTENCE THE TRIAL COURT SHALL PERMIT THE PARTIES TO PRESENT ARGUMENTS CONCERNING THE EXISTENCE OF AGGRAVATING AND MITIGATING CIRCUMSTANCES AND THE PROPER SENTENCE IMPOSED IN THE CASE.

PAGE 10.

IT IS APPARENT THAT THE JURY'S VERDICT IS CLEARLY DIVERGENT FROM THE EVIDENCE AND THE LAW AND AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE.

## IV. ILLEGAL SEARCH AND SEIZURE OF VEHICLE

FOURTH AMENDMENT: THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS AGAINST UNREASONABLE SEARCHES AND SEIZURES SHALL NOT BE VIOLATED, AND NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION AND PARTICULARLY DESCRIBING THE PLACE TO BE SEARCHED AND THE PERSONS OR THINGS TO BE SEIZED.

ON MARCH 19, 2002 OFFICER ROBBIE BETTIS OF THE LANETT POLICE DEPARTMENT STOP MY MUSTANG IN A CEMETARY ABOUT 200 YARDS FROM THE ALLEGED RESIDENCE ON WHICH HE PROCLAIMED THAT THE PASSENGER OF MY VEHICLE BILLY NORRIS WAS SEEN HOLDING A GUN LOOKING THROUGH A WINDOW. SO DID SEVERAL MORE OFFICERS STATE THIS SAME ALLEGATION. THAT IS THE REASON THEY SEARCHED MY AUTOMOBILE, THEY SEARCHED EVERY PORTION OF THIS VEHICLE WHICH INCLUDES: THE ARMREST, GLOVE COMPARTMENT, UP UNDER ALL SEATS, INSIDE OF THE 2 DOORS, ALL OF THE TRUNK AREA, INSIDE FACTORY RIMS AND TIRES, THE ENGINE, AND FINALLY BEHIND THE BACK PASSENGER SEATS. ON NOVEMBER 13TH AND 14TH I WENT TO JURY TRIAL ON WHICH ALL THREE WITNESS'S DISCLOSED THAT NEITHER ONE OF THEM SAW A GUN OR SAID ANYTHING ABOUT ANYONE HAD A GUN. I CONTEND THAT THESE OFFICERS MADE A FALSE ALLEGATION TO SEARCH MY AUTOMOBILE, THIS IS WHAT THEY USED AS AUTHORIZATION TO OVER RIDE ANY CONSENT THAT I HAD TO SEARCH THIS CAR.

IF MY MEMORY SERVES ME RIGHT THIS ILLEGAL
SEARCH LAST AT LEAST AN HOUR OR SO ON WHICH I
HAD STATED QUOTE-UNQUOTE [HOW MANY TIMES ARE
Y'ALL GOING TO SEARCH MY CAR.] THIS WHEN AN
OFFICER KNEELED DOWN BESIDE BILLY NORRIS AND
STARTED TALKING THEN AFTER ABOUT 2 OR 3 MINUTES
THE OFFICER STOOD UP AND TOLD DT. RICHARD CARTER
SOMETHING. THEN THE OFFICER PICKED BILLY NORRIS
OFF OF THE GROUND AND WALKED HIM TO A PATROL CAR
AND PLACED HIM IN THE BACK SEAT. THEN AN
POLICE OFFICER PICKED ME UP AND THEY ASKED ME
IF I WAS SURE THAT NO GUNS WERE IN MY VEHICLE
I TOLD THEM QUOTE-UNQUOTE [I DO NOT HAVE ANY
GUNS IN MY CAR AND THEIR BETTER NOT BE ANY
GUNS IN MY CAR.] THATS WHEN A OFFICER WALKED
ME TO THE SAME CAR WITH THE SKI MASK IN MY
BACK POCKET AND PLACED ME IN THE SAME PATROL
CAR IN THE BACK SEAT BESIDE BILLY NORRIS
THIS CAR WAS SOME DISTANCE FROM MY MUSTANG
ON WHICH AFTER THEY PLACED ME IN THE PATROL
CAR IS WHEN THEY SAID THAT THEY FOUND THE
WEAPONS. I STAND TO CHALLENGE THIS ISSUE
IN THIS HABEAS CORPUS BECAUSE POSSESSION OF
A SKI-MASK ONLY CREATES SUSPICION
  MERE SUSPICION ALONE IS NOT SUFFICIENT
BASIS FOR FINDING OF "PROBABLE CAUSE."
  IVEY V. STATE 709 So. 2D 502 (ALA CRIM. APP. 1997.)

IN DETERMINING WHETHER THERE IS
PROBABLE CAUSE TO SEARCH, FACT THAT CONTRABAND
WAS ULTIMATELY DISCOVERED CAN NOT BE CONSIDERED
TO SUPPLY PROBABLE CAUSE. SHIPMAN V. STATE, 291 ALA 484,
                                            282 So. 2D 700
THIS IS MERITORIOUS TO ESTABLISH THE FACT
THAT I DID HAVE AN LEGITIMATE EXPECTATION
OF PRIVACY IN THE AREA SEARCHED.


PAGE 12.

FACT THAT POLICE OFFICER, WHILE MOVING SUSPECTS VEHICLE FROM AREA WHERE IT WAS ILLEGALLY PARKED, OBSERVED PISTOL IN FLOOR BOARD OF VEHICLE DID NOT PROVIDE OFFICER WITH PROBABLE CAUSE TO SEARCH VEHICLE, EVEN THOUGH SUSPECT HAD PRIOR FELONY CONVICTIONS FOR SELLING CONTROLLED SUBSTANCE AND PERSONS CONVICTED OF CERTAIN VIOLENT CRIMES WERE PROHIBITED BY STATUE FROM POSESSING PISTOL; SUSPECTS CONVICTION WAS NOT CRIME OF VIOLENCE AND HIS POSSESSION OF PISTOL WAS THEREFORE NOT ILLEGAL. BEASLEY LYKES JR. V. STATE 709 So. 2D 1335 (ALA. CRIM. APP. 1997.) I HAD ONE PRIOR FELONY BEFORE THEY CONDUCTED THIS ILLEGAL SEARCH AND SEIZURE TO WIT: 1993 RECIEVING STOLEN PROPERTY 2ND DEGREE CLASS C FELONY!

**V.** CONFLICTED TESTIMONY OF STATE WITNESS'S
SEE PAGES 5,6, AND 7 OF BRIEFS

**VI.** PRIVILEG AGAINST SELF-INCRIMINATION
FIFTH AMENDMENT. SPECIFICALLY STATES THAT NO DEFENDANT SHALL BE COMPELLED IN ANY CRIMINAL CASE TO BE A WITNESS AGAINST HIMSELF.
I TESTIFIED AT THIS TRIAL THAT I WAS NEAR THE GRAGGS PROPERTY AND ONLY ENTERED THEIR LAND TO STOP THE CO-DEFENDANT BILLY NORRIS FROM COMMITTING ANY CRIME DUE TO THE PRESCENCE OF MRS. PEARL TRAMMELL AND THAT IS THE REASON THAT NO CRIME WAS COMMITTED.

PAGE 13.

NEITHER ONE OF US DID NOT ATTEMPT TO
BURGLARIZE THIS RESIDENCE AT ANY
TIME ON MARCH 19, 2002. I ALSO TESTIFIED
TO THE TRUTH THAT I ONLY WAS THERE
TO OBSERVE BILLY NORRES COMMITT
AN SIMPLE CRIMINAL ACT FOR
VERIFICATION TO STREET MEMBERS
ON WHICH HE WANTED TO JOIN.
BUT WHEN HE TOLD ME THAT SOMEONE
WAS PRESENT IN THE HOUSE I CALLED
IT OFF. ON WHICH THE LAW IS WELL SETTLED
THAT THIS CONSTITUTES ABANDONMENT
FROM ALL EFFORTS.[13A-4-2]
ANOTHER TACK IS AS LONG AS DEFENDANTS ACTS
ARE EQUIVOCAL IT CANNOT BE SAID THAT HE
HAS AD INTENT TO COMMITT A CRIME, AS LONG
AS THIS QUALITY OF EQUIVOCATION REMAINS
THERE IS NO ATTEMPT.[13A-4-2]

MERE PRESENCE OF AN INDIVIDUAL AT THE
TIME AND PLACE OF A CRIME DOES NOT MAKE
HIM A PARTY TO THAT CRIME
EX PARTE G.G., 601 SO. 2D 890 (ALA. 1992.)

WHERE IT WAS APPARENT THAT THE
STATE PROVED APPELLANT WAS PRESENT
AT THE SCENE, BUT FAILED TO PROVE
THAT APPELLANT WAS THERE TO
ASSIST ANYONE PRESENT TO COMMITT
A BURGLARY, WHILE AIDING AND ABETTING
WAS AN ISSUE FOR THE JURY TO DECIDE,
THERE WAS NOT ENOUGH EVIDENCE
PRESENTED BY THE STATE IN THE CASE
FOR THE MATTER TO GO TO THE JURY,
AND APPELLANTS MOTION TO EXCLUDE
SHOULD HAVE BEEN GRANTED
PRANTL V. STATE, 462 SO. 2D 781 (ALA. CREM. APP 1984.)

PAGS 14.

REMOTE PREPARATORY ACTS REASONABLY IN A CHAIN OF CAUSATION DO NOT CONSTITUTE AN ATTEMPT. HUGGINS V. STATE, 41 ALA. APP. 548, 142 SO. 2D 915 CERT. DENIED 273 ALA. 708, 145 SO. 2D 918 (1962)

SOME AUTHORITIES HELD THAT WHERE THERE WAS INSUFFICIENT OR UNSUITABLE MEANS EMPLOYED BY THE DEFENDANT SO THAT THE INTENDED CRIME COULD NOT BE WHOLLY COMPLETED, OR, OTHERWISE THERE WAS IMPOSSIBILITY OF ACHIEVEMENT, THERE CAN BE NO LIABILITY FOR AN ATTEMPT TO COMMIT SUCH CRIME. WHERE THERE WAS NO EVIDENCE OF DEFENDANTS FAILURE TO CONSUMMATE THE CRIME OF BURGLARY IN THE THIRD DEGREE, WHICH WAS A NECESSARY ELEMENT OF ATTEMPT, THE CHARGE OF ATTEMPT WAS NOT NECESSARY OR PROPER. HOLLINS. V. STATE, 415 SO. 2D 1249 (ALA CREM. APP. 1982)

COURT HELD THAT MERE PRESENCE AT THE SCENE WAS INSUFFICIENT TO PROVE APPELLANTS GUILT UNDER A THEORY OF COMPLICITY. JONES V. STATE, 481 SO. 2D 1183 (ALA. CRIM. APP. 1985.)

IN ORDER THAT THERE MAY BE AN ATTEMPT TO COMMIT A CRIME WHETHER STATUTORY OR COMMON LAW, THERE MUST BE SOME OVERT ACT IN PART EXECUTION OF THE INTENT TO COMMIT THE CRIME, BUT WHICH FALLS SHORT OF THE COMPLETED CRIME; THE DIFFERENCE BETWEEN ATTEMPT AND COMMISSION BEING THAT THE ACTOR STEP FAILS TO PRODUCE THE RESULT INTENDED BROADHEAD V. STATE, 24 ALA. APP. 576, 139 SO. 115 (1932.)

PAGE 15

SINCE THE EVIDENCE CREATED MERELY A
SUSPICION OF GUILT, IT WAS WHOLLY INSUFFICIENT
TO SUPPORT A CONVICTION. RUFFIN V. STATE,
                        513 So. 2D. 63 (ALA. CRIM. APP. 1987)

AN ATTEMPT NECESSARILY LIES SOMEWHERE
BETWEEN MERE INTENT, WHICH ALONE IS NOT
PUNISHABLE AND THE COMPLETED OFFENSE
                [13A-4-2]

"COURTS FAILURE TO GIVE THE CHARGES ON THE
LESSER INCLUDED OFFENSES" THE TRIAL COURT
COMMITTED ERROR PREJUDICIAL TO DEFENDANT
IN NOT INSTRUCTING THE JURY AS TO THE
LESSER INCLUDED OFFENSES MATKINS V. STATE
                497 So. 2D. 194 (ALA. CRIM. APP. 1985.) A FU.

INSTRUCTION THAT DEFENDANTS MERE PRESENCE
AT CRIME SCENE WAS NOT COMPLICITY ADEQUATELY
COVERED THE DEFENDANTS REQUESTED CHARGE
THAT MERE KNOWLEDGE OF THE CRIME WAS NOT
SUFFICIENT TO SHOW COMPLICITY
    MANZGON EV. STATE, 740 So. 2D. 444

THE APPELLANT ARGUES, INTERALIA, THAT THIS
CAUSE SHOULD BE REMANDED TO THE CIRCUIT COURT
FOR AN EVIDENTIARY HEARING ON HIS
CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL
THE STATE AGREES DILL V. STATE 717 So. 206
                    (ALA. CRIM. APP. 1998)

PAGE 16.

# VII. INEFFECTIVE ASSISTANCE OF COUNSEL

I STAND TO VERIFY THAT MY TRIAL COUNSEL
WAS INEFFECTIVE AT TRIAL AND ON APPEAL.
FIRST OF ALL SHE ALLOWED THE STATE TO
INTRODUCE FALSE EVIDENCE TO WIT: A SKI MASK
ON WHICH I HAD TOLD HER THAT THE LANETT
POLICE OFFICERS DID NOT TAKE THIS SKI MASK
FROM ME AND THE VIDEO TAPE WOULD SHOW THIS
SHE PROCLAIMED THAT SHE DID NOT WANT
THE JURY TO SEE THE GUNS IN MY MUSTANG
AND TO FIND OUT THAT THEY WERE STOLEN
IN ANOTHER BURGLARY. TO MY RECOLLECTION
THE MOTION OF LIMINE ACCURATELY
COVERED THIS AREA OF CONCERN THEREFORE
WE HAD A HEATED DEBATE ON THIS ISSUE
ON WHICH SHE REFUSED MY REQUEST AND
OPPOSED OF IT EVERY TIME THAT I BROUGHT
IT UP. THIS ARGUMENT WENT ON FOR
A COUPLE OF HOURS OF SHE AND I DEBATING
ON WHICH WAS MORE IMPORTANT REVEALING
THE ADMISSION OF FALSE EVIDENCE OR HIDING
THE SPECIFIC PLACE WHERE TWO GUNS CAME
FROM. THIS ALONE SHOWS THAT THIS
COUNSEL KYLA HELIM GROFF WAS DEFICIENT
AND SUCH PERFORMANCE PREJUDICED MY
DEFENSIVE STANCE AT TRIAL.
SHE ALSO LOST MY APPEAL.
IN CASES IN WHICH TRIAL COUNSEL ALSO
SERVED AS APPELLATE COUNSEL ARE COGNIZABLE
IN A PETITION UNDER THIS RULE.
GRAYSON V. STATE 675 So. 2D 516 (ALA. CRIM. APP. 1993)
BEDWELL V. STATE 710 So 2D 493 (1992)

PAGE 12.

SHE ALSO WAS INEFFECTIVE AT OTHER PHASES OF THIS TRIAL. I REQUESTED HER TO OBJECT TO THE CO-DEFENDANTS ADMISSION OF HIS GUILTY PLEA AS HE TESTIFIED THAT HE ACCEPTED THE TIME THAT HE WAS GIVEN WITH NO PROBLEM. AND ASKED HER TO CROSS-EXAMINE BY ADMITTING HIS WITHDRAWAL OF GUILTY PLEA AS A SOLID DEFENSE SHE ALSO OPPOSED ME ON THAT.

ADMISSION OF A CO-DEFENDANTS GUILTY PLEA WILL SUBSTANTIALLY AFFECT THE DEFENDANTS RIGHT TO A FAIR TRIAL IN THAT THE JURY MAY REGARD THE ISSUE OF THE REMAINING DEFENDANTS GUILT AS SETTLED AND THAT THE TRIAL IS A MERE FORMALITY THEREFORE, REVERSIBLE ERROR WAS COMMITTED WHERE THE STATE ASKED A WITNESS WHETHER A CO-DEFENDANT WAS ON DEATH ROW AND THE COURT FAILED TO GIVE A SUFFICIENT LIMITING INSTRUCTION TOMLIN V. STATE 591
So. 2D 550 (ALA. CRIM. APP. 1991)

I ALSO ASKED HER TO OBJECT TO THE DISTRICT ATTORNEY BILL LISENBY CLOSING ARGUMENT ON WHICH HE STATED FORCIBLY THAT HE BELIEVED THE CO-DEFENDANT TESTIMONY. SHE ONCE AGAIN OPPOSED ME AND I BELIEVE THAT FOR HIM TO STATE SUCH WORDS, HAD A POWERFUL IMPACT ON THE JURY ON WHICH PREJUDICED ME AT THE END OF THIS TRIAL. THIS WAS PART OF HER DEFICIENT PERFORMANCE.


PAGE 18.

REMARKS OF THE PROSECUTOR, VOUCHING FOR THE
CREDIBILITY OF THE STATES WITNESS, HELD
CLEARLY ERRONEOUS WHERE HE STATED IN THE
STRONGEST LANGUAGE, HIS PERSONAL BELIEF IN
THE WITNESS CREDIBILITY. COMMENTS OF
THE PROSECUTOR, TAKEN AS A WHOLE, COULD
REASONABLY HAVE LED THE JURY TO BELIEVE
THAT THE PROSECUTOR POSSESSED ADDITIONAL
REASONS FOR KNOWING THAT THE STATES
WITNESS TESTIFIED TRUTHFULLY, REASONS
NOT KNOWN TO THE JURY. GUTHRIE V. STATE
616 So. 2D 914

WHERE DEFENDANT IS REPRESENTED AT
TRIAL AND ON APPEAL BY SAME COUNSEL,
CLAIMS OF INEFFECTIVE ASSISTANT OF
COUNSEL ARE COGNIZABLE IN PETITION
FOR POST-CONVICTION RELIEF.
PROPERLY RAISED. EX PARTE BESSELAAR
600 So. 2D 978, 979 (ALA. 1992.)

MERITORIUS ALLEGATIONS WARRANT
EITHER AN EVIDENTIARY HEARING
OR AN ADEQUATE EXPLANATION FOR
THEIR DENIAL. BENEFIELD V. STATE,
583 So. 2D 1370
(ALA. CRIM. APP. 1991.)

PAGE 19.

## VIII. THE VALUE OF A WAIVER OF RIGHTS FORM.

I CHRISTOPHER McCULLOUGH STAND TO CHALLENGE THE CRITERIA FOR SIGNING SUCH FORM TO THE DEGREE OF PROPER PROSPECTIVENESS OF ENLIGHTMENT. MEANING TO WIT: IF YOU ALLOW YOURSELF TO BE QUESTION BY DETECTIVES DOES NOT MEAN THAT YOU AUTOMATICALLY MADE A STATEMENT. THIS BELIEF IS IN TOTAL CONFLICT ON WHICH THIS FORM STATES YOU APPROVE OF THEM TO QUESTION YOU ON KNOWING THAT YOUR RIGHTS SPECIFICALLY STATE THAT YOU CAN STOP ANSWERING QUESTIONS OR STOP THIS INTERROGATION AT ANY GIVEN TIME. THIS IS THE PROPER TECHNIQUE OF AN DEFENDANT WHO WAIVES SUCH RIGHTS AND INLIGHT AN UNSIGNED STATEMENT SUBMITTED BY A DETECTIVE IS CONTRADICTORY TO THESE STANDARDS. THEY PROCLAIMED THAT THE STATEMENT WAS TRUE AND CORRECT BUT I DID NOT SIGN ENDORSE OR VERIFY TO SUCH ALLEGATIONS ON WHICH I FORCEBLY STAND TO CHALLENGE THIS ACT, THAT CORPUS DELICTI HAS NOT BEEN ESTABLISHED.

VALID WAIVER OF MIRANDA RIGHTS CANNOT BE ESTABLISHED BY SHOWING MERELY THAT THE ACCUSED RESPONDED TO POLICE-INIATED INTERROGATION EVEN AFTER BEING ADVISED OF HIS OR HER RIGHTS, WEAVER v. STATE 710 So. 2D 480

PAGE 22.

MEMORANDA PREPARED BY THE INVESTIGATING OFFICER ARE NOT ACTUALLY STATEMENTS AS DEFINED IN EX PARTE PATE AND ARE SPECIFICALLY EXCLUDED FROM DISCOVERY. GIBSON V. STATE, 555 SO 2D 784 (ALA. CRIM. APP. 1989.)

PAGE 21.

# CONCLUSION

I THE DEFENDANT IN THIS CASE DID HEREBY BY BRING PROPER CHALLENGE TO THIS CHARGE BY POST CONVICTION RULE 32 ON WHICH WAS DENIED SOME 18 MONTHS AFTER FILING. NO EVIDENTIARY HEARING WAS HELD TO DETERMINE THE ISSUES ON THE FACE OF THIS PETITION ON WHICH WERE MERITOROUS AND WOULD HAVE GRANTED PETITIONER RELIEF. THE TRIAL COURT COMMITTED REVERSIBLE ERROR THROUGHOUT THIS WHOLE SERIES OF EVENTS THE VERDICT WAS CONTRARY TO LAW, THE TRIAL JUDGE VIOLATED HIS DISCRETION AT TRIAL AND SENTENCING, STATE ADMITTED FALSE EVIDENCE ON WHICH THIS GROUND ALONE CONSTITUTE AUTOMATIC ACQUITTAL ON WHICH THIS IS THE MOST DISPUTIVE ISSUE IN THIS PETITION THEREFORE AN EVIDENTIARY HEARING WAS APPROPRIATE IN THIS MATTER. THE COURT OF CRIMINAL APPEALS STATES THAT I GAVE SELF-INCRIMINATING TESTIMONY AT TRIAL. THERE FORE IN THIS WRIT OF HABEAS CORPUS I SEEK FULL RELIEF OF IMMEDIATE ACQUITTAL OF THE SAID CHARGE.

ORAL ARGUMENT IS REQUESTED

PAGE 22.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE THIS DATE SERVED AN EXACT SAME COPY OF THE FOREGOING BRIEF AND ARGUMENT TO THE : CLERK OF THE UNITED STATES DISTRICT MIDDLE DISTRICT COURT

P.O. BOX 711
MONTGOMERY, ALABAMA 3601-0711
POSTAGE PREPAID ON THIS THE 28TH DAY OF DECEMBER 2006.

PURSUANT TO RULE 34(A):
I HAVE DEMANDED ORAL ARGUMENT AND HAVE SO INDICATED ON THE COVER OF MY BRIEF.

SIGNATURE, Christopher C. McCullough

CHRISTOPHER C.
McCULLOUGH
PRO'SE

PAGE 23.