IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CHRISTOPHER MCCULLOUGH,          *
#174 909
      Petitioner,          *

      v.          *          3:07-CV-26-MEF
                                    (WO)
DANIEL JONES, WARDEN, *et al.*,          *

      Respondents.          *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Chris McCullough on December 28, 2006. In this petition, Petitioner challenges his convictions for first degree burglary and second degree theft of property entered against him by the Circuit Court for Chambers County, Alabama, on November 7, 2002. On January 7, 2003 the trial court sentenced Petitioner as a habitual offender to 15 years imprisonment on the first degree burglary conviction and ten years imprisonment on the second degree theft conviction with the sentences directed to run concurrently.

The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on September 19, 2003. The Alabama Supreme Court of Alabama denied certiorari review and issued a certificate of judgment on December 12, 2003. The Court of Criminal Appeals entered a certificate of judgment on the same date. By operation of law, Petitioner's convictions became final on March 11, 2004.

Pursuant to the orders of this court, Respondents filed an answer in which they argue

that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Petitioner's convictions became final in 2004- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a state post-conviction petition on March 28, 2004. They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition. (Doc. No. 10, pgs. 7-11.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335. n.4 (11th Cir. 2001). Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the pertinent period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted of first degree burglary and second degree theft of property in the Circuit Court for Chambers County, Alabama, on November 7, 2002. Petitioner filed a direct appeal. The Alabama Court of Criminal appeals affirmed Petitioner's conviction on September 19, 2003. The Alabama Supreme Court denied

---

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Petitioner's petition for writ of certiorari and that court as well as the Alabama Court of Criminal Appeals issued certificates of judgment on December 12, 2003. (Doc. No. 7, Exhs. 1A, 1B-1I.) By operation of law, Petitioner's 2002 convictions for first degree burglary and second degree theft of property became final on March 11, 2004 -- ninety days after the appellate court and the Supreme Court of Alabama entered a certificate of judgment -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Thus, Petitioner's convictions became final on March 11, 2004 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 18 days after Petitioner's conviction became final until Petitioner filed a Rule 32 petition in the trial court on March

29, 2004.[2]  On September 26, 2005 the trial court denied the Rule 32 petition. Petitioner did

not appeal the trial court's decision and, therefore, the limitation period began to run again

on November 7, 2005, 42 days after the trial court entered its decision as this is the last day

Petitioner could appeal that ruling. *See* Rule 4(b), *Alabama Rules of Appellate Procedure*.

(Doc. No. 7, Exh. 2B.)  Thus, as of the aforementioned date, Petitioner had 347 days of the

applicable limitation period remaining within which to file a federal habeas petition.  The

court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas

petition expired on Monday, October 23, 2006.  Petitioner filed his federal habeas application

on December 28, 2006 - 65 days or two months and 4 days after the limitation period had

expired.[3]

Under the circumstances of this case as outlined in this order, the one-year period of

limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant

§ 2254 petition.  In light of the foregoing, it is

ORDERED that on or before March 13, 2007 Petitioner shall show cause why his

federal habeas petition should not be denied as it was not filed within the one-year limitation

---

[2]Although the Clerk stamped the post-conviction petition as being filed on March 28, 2004, this date landed on a Sunday so the court construes March 29, 2004 as the date of filing.  (*See* Doc. No. 7,   Exhibit 2B at 3.)

[3]Respondents point out that Petitioner signed /verified his Rule 32 petition on October 5, 2003, during the pendency of his direct appeal,  but further note that the petition contains no actual mailing date. Even assuming, *arguendo*, that Petitioner could establish that he submitted his Rule 32 petition to prison officials for mailing on October 5, 2003 and that  the state court held the petition in abeyance pending the conclusion of his direct appeal, *see Houston v. Lack*, 487 U.S. 266, 271-72 (1988) and *Rogers v. State*, 782 So.2d 847, 848 (Ala. Crim. App. 2000), the petition is still untimely by a period of 47 days.

period established by 28 U.S.C. § 2244(d)(1).

DONE, this 21st day of February 2007.

_____/s/Susan Russ Walker_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE