IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2007 FEB 26
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

CHRISTOPHER MCCULLOUGH,   *
#174909                   *  CASE NO: 3:07-CV-26-MEF
                          *
            PETITIONER,   *
VS.                       *
                          *
DANIEL JONES, WARDEN      *
                          *
            RESPONDENTS,  *
                          *

## RESPONSE TO RESPONDENTS ANSWER

COMES NOW THE PETITIONER TO WHO PRODUCED THE CLAIMS SET FORTH TO THIS COURT STANDARD REVIEW CONTENDS THAT THIS RESPONSE SHOULD NECESSARILY OUTWEIGH THE RESPONDENT ANSWER TO SHOW THAT THE STATE COURTS DECISIONS WERE UNREASONABLE AND I CONTEST THAT THE TIME FRAME IS OF COMPLETE FAULT OF THE CIRCUIT COURT FOR NOT FOLLOWING THE PROPER METHOD OF ALABAMA RULES OF CRIMINAL PROCEDURE.

AS THE RULES OF ALABAMA COURT WAS ESTABLISHED IT INSINUATED THAT THESE RULES BE HONORED BY THE COURTS AND ALL DEFENDENTS THAT PROCEED WITH LEGAL TIES.

### RULES OF COURT: [ISSUANCE]

THIS SPECIFICALLY STATES THAT ANYTIME A CIRCUIT JUDGE MAKES A FINAL DECISION OR JUDGEMENT HE SHALL DO SO BY WAY OF A WRITTEN ORDER AND AWARE THE CIRCUIT CLERK OF SAID ORDER TO WHICH THE CIRCUIT CLERK SHALL BE RESPONSIBLE THAT ALL OF THE PARTIES BE SENT A COPY OF THE SAID ORDER OF THE FINAL DECISION. IF THIS IS NOT DONE IT CONSTITUTES NON COMPLIANCE WITH THE STATE COURT. THERE IS NO INDEPENDENT EVIDENCE IN THE RESPONDENTS ANSWER THAT VERIFIES THAT THERE HAS BEEN AN FINAL DECISION OR JUDGEMENT MADE BY WRITTEN ORDER FOR THE MERITS TO BE ADJUDICATED IN THE CIRCUIT COURT OF CHAMBERS COUNTY ALABAMA. NOR TO HAS ANY VERIFICATION OF SERVICE TO THE PETITIONER. THIS SHOWS AN COMPLETE EXCEPTION IN CIRCUMSTANCES THAT SUPPORTS HIS EQUITABLE TOLLING.

THE ISSUES SOUGHT IN POST CONVICTION RELIEF WAS ACCOMPANIED BY A 4765 PAGES OF ACTUAL FACTS OF THIS TRIAL AND CASE ON WHICH THE RESPONDENTS ANSWER DOES NOT DISCLOSE.

(1) ONE CLAIM PRESENTED WAS INEFFECTIVE ASSISTANT OF COUNSEL ON WHICH I PROPERLY ADDRESSED THE ISSUE TO THE CIRCUIT COURT OF HIS DEFICIENCY AT TRIAL FOR NOT EVER DISPUTING THE MOST IMPORTANT ELEMENT AT TRIAL WHICH IS THE CORROBORATE EVIDENCE, ON WHICH I WAS DENIED REVIEW ON APPEAL TO THE COURT OF CRIMINAL APPEALS BECAUSE THEY SAID THAT I DID NOT BRING IT TO THE TRIAL COURTS ATTENTION ON WHICH I PROTEST TO FOR WRIT OF CERTIORARRI THAT THIS ATTORNEY DID NOT MEET HIS DUTIES REQUIRED BY LAW.

(2) I PRESENTED FACTS ABOUT THE INSUFFICIENT EVIDENCE WHICH THE JURY ACCUMULATED ITS VERDICT FROM DEALING WITH THE CO-DEFENDANT STATEMENT AND TESTIMONY OF FINGERPRINTS CONCERNING THIS HOUSE AND GUNS.

③ I PROPERLY PRESENTED THE ISSUE OF UNLAWFUL SEARCH AND SEIZURE ON WHICH THE COURT OF CRIMINAL APPEALS STATED THAT I HAD NO ROOM TO STAND THE CHALLENGE TO SEARCH THE HOUSE BUT THEY NEVERED MENTION ONE TIME OF MY CHALLENGE THE SEARCH OF MY MUSTANG WHICH SHOWS THAT THEY DID NOT REVIEW THIS SITUATION AS A WHOLE BUT ONLY USED THE EVIDENCE THAT WOULD BOLSTER THE STATES CASE AGAINST ME.

④ I PROPERLY PRESENTED THE ISSUE OF DOUBLE JEOPARDY BECAUSE IT IS A KNOWN FACT THAT A PERSON ON TRIAL FOR BURGLARY AND THEFT CANNOT ALSO BE CHARGED WITH RECEIVING THE SAME PROPERTY. DAVIDSON V. STATE, 360 So.2d 728 (ALA. CRIM. APP. 1978.)

THE JUDGE INSTRUCTED THE JURY TO FIND ME GUILTY OF BURGLARY 1ST AND THEFT SECOND AND NOT GUILTY OF RECEIVING STOLEN PROPERTY OR GUILTY OF RECEIVING STOLEN PROPERTY AND NOT GUILTY OF BURGLARY 1ST DEGREE AND THEFT OF PROPERTY 2ND DEGREE WHICH CONSTITUTES THAT I WAS ON TRIAL TO RECEIVE AN AUTOMATIC CONVICTION. SEE PAGES 130 THRU 140 THE RECORDS IS COMPLETE SILENT DEALING WITH THE RECEIVING STOLEN PROPERTY CHARGE INCLUDED IN THIS INDICTMENT. RESPONDENTS ANSWER

PAGE ④.

THESE ISSUES PROVE THAT I DID PROPERLY PRESENT THEM IN STATE COURT ON WHICH IT STAYED IN THE CHAMBERS COUNTY CIRCUIT COURT DOCKET FOR 18 MONTHS WITHOUT THE TRIAL COURT CONDUCTING AN EVIDENTIARY HEARING WHICH SHOWS THAT THEY DID NOT ALLOW ME TO DISPUTE THE ISSUES AT HAND IN OPEN COURT. WHEN POST-CONVICTION CONTAINS MATTERS WHICH IF TRUE, WOULD ENTITLE PETITIONER TO RELIEF, EVIDENTIARY HEARING MUST BE HELD.

RULES OF CRIMINAL PROCEDURE RULE 32.9

I ALSO CONTEND THAT THE DISTRICT ATTORNEY NEVERED RESPONDED TO THESE ISSUES

998 (14.1) IN GENERAL

ALA. CRIM. APP. 1998 - WHEN STATE DOES NOT RESPOND TO ALLEGATIONS IN PETITION FOR POST-CONVICTION RELIEF, UNREFUTED STATEMENT OF FACTS MUST BE TAKEN AS TRUE. - RULES OF CRIM. PROC. RULE 32 - BRYANT V. STATE, 739 So. 2D 1138 THEREFORE ANY CLAIM OF DEFAULT TO THESE ISSUES IN FEDERAL COURT SHOULD BE VOIDED.

PAGE (5)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS THE 19TH DAY OF FEBRUARY, 2007, I HAVE SENT AN EXACT, SAME COPY OF THE FOREGOING TO: TROY KING OFFICE OF THE ATTORNEY GENERAL ALABAMA STATE HOUSE 11 SOUTH UNION MONTGOMERY, ALABAMA 36130-0152 BY PLACING THE SAME, POSTAGE PAID IN THE UNITED STATES POSTAL SERVICE USING AN UNITED STATES POST OFFICE.

RESPECTFULLY,
Christopher C. McCullough

## ADDRESS OF COUNSEL

CHRISTOPHER MCCULLOUGH
#174909 R-#06 CELL
W.E. DONALDSON
100 WARRIOR LANE
BESSEMER, ALABAMA 35023

CHRISTOPHER McCULLOUGH #174707 K-POD CELL
W.E. DONALDSON 100 WARRIOR LANE
BESSEMER, ALABAMA 35023

OFFICE OF THE CLERK
UNITED STATES DISTRICT C[OURT]
P.O. BOX 711
MONTGOMERY, ALABAMA 36