IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

2007 MAR 12 A 9:42

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CHRISTOPHER McCULLOUGH
#174909
PETITIONER,

VS.

DANIEL JONES, WARDEN
RESPONDENT,

CASE NO: 3:07-CV-26-

## RESPONSE TO MAGISTRATE JUDGE ORDER

COMES NOW THE PETITIONER HIS ANSWER IN COMPLIANCE TO SAID ORDER, HEREBY GIVES LEGITIMATE REASONS FOR HIS CONTINUATION OF PURSUING HABEAS CORPUS REVIEW IN FEDERAL COURT.

THE PETITIONER CONTENDS THAT THE ISSUES ARE ADEQUATE ENOUGH TO DESERVE ENCOURAGEMENT TO PROCEED FURTHER.

PETITIONER STANDS TO CHALLENGE SUCH DENIAL BECAUSE OF THE TRIAL COURT NEGLECTING TO AWARE PETITIONER OF SUCH DISMISSAL OF HIS POST-CONVICTION RULE 32 ON WHICH ANY FINAL JUDGEMENT BY TRIAL JUDGE SHOULD BE MADE BY WAY OF WRITTEN ORDER AND THE CIRCUIT CLERK SHALL ISSUE SAID ORDER TO ALL PARTIES INVOLVED IN THE CASE INCLUDING PETITIONER. FAILURE TO DISCLOSE SUCH VALUEABLE INFORMATION IS AN DIRECT VIOLATION OF MY CONSTITUTIONAL RIGHTS UP UNDER THE 5TH & 14TH AMENDMENTS WHICH GUARANTEES ME DUE PROCESS OF LAW AND I CANNOT BE DEPRIVED OF SUCH RIGHT.

By FAILING TO AWARE PETITIONER OF SAID ORDER CAUSED PETITIONER TO BE PREJUDICED By NOT ALLOWING ME THE RIGHT TO AN DIRECT APPEAL OF THE TRIAL COURTS DECISION TO THE COURT OF CRIMINAL APPEALS. I COULD HAVE DISPUTED ANY AND ALL ISSUES DISMISSED BY TRIAL COURT OF THIS POST-CONVICTION RULE 32.

TRIAL COURT WAS REQUIRED TO SPECIFY REASON OR REASONS FOR ITS DISMISSAL AS TO EACH CLAIM RAISED IN PETITION FOR POST-CONVICTION RELIEF, WHETHER BASED ON PROCEDURE OR ON THE MERITS, RULES OF CRIMINAL PROCEDURE 32.
HARPER V. STATE, 676 So. 2D 949 (ALA. CRIM. APR. 1998)

ACCORDINGLY, BECAUSE THE APPELLANT PRESENTED AN ALLEGATION THAT, IF TRUE, ENTITLES HIM TO RELIEF, THE TRIAL COURT ERRED IN SUMMARILY DISMISSING THIS CLAIM. EX PARTE BOATWRIGHT, 471 So. 2D 1257 (ALA. 1985).
SEE ALSO EX PARTE DUNN, 514 So. 2D 1300 (ALA. 1987).

I FURTHER CONTEND THAT THE STATE COURTS MADE UNREASONABLE DECISIONS DEALING WITH THESE CHARGES ON WHICH WERE CLEARLY DIVERGENT FROM THE EVIDENCE AND THE LAW AND AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE.

I FURTHER CONTEND THAT NO REASONABLE JUROR WOULD HAVE CONVICTED ME OF THESE OFFENSES WHO CONTAINS THE PROPER KNOWLEDGE ON LAW CONTAINING SUCH OFFENSES.

THE RELIABLE EVIDENCE SHOWS THAT CO-DEFENDANT TESTIMONY AND STATEMENT CONTRADICTED EVERY ASPECT OF THE EVENT THAT TOOK PLACE. NO ENTRY WAS PROVEN BY THE STATE OF CHRIS MCCULLOUGH ENTERING THIS RESIDENCE. STATE FAILED TO PRODUCE EVIDENCE OR NO FINGER PRINTS ON THESE WEAPONS OR HOUSE ON WHICH I WAS ACCUSED OR RAMSHACKING THE WHOLE HOUSE BARE-HANDED.

ALL THE EVIDENCE ACCUMULATED IN THIS TRIAL IS WHAT BILLY NORRIS HAD DONE, ON WHICH SHOWS THE JURORS INCOMPETENCE ON CORROBORATE EVIDENCE ISSUES.

ALSO I STAND TO BRING ABOUT ANOTHER PROCEDURAL DEFAULT BY ESTABLISHING THE FACT OF INEFFECTIVE ASSISTANCE OF COUNSEL UP UNDER THE 6TH AMENDMENT

THIS CAN BE PROPERLY ESTABLISHED BECAUSE AT NO TIME DID ATTORNEY STEVE MORRIS DISPUTE THE CORROBORATE EVIDENCE OF THIS TRIAL FOR HIM NOT TO DISPUTE THE MOST IMPORTANT ISSUE OF THIS TRIAL SHOWS THAT HIS STRATEGY WAS WEAK AND UNREASONABLE. AND IT'S NECESSARY FOR ME TO STATE THAT NO COMPETENT ATTORNEY WOULD HAVE MADE SUCH AN CARELESS MISTAKE

THIS SHOWS THAT HIS DEFICIENCY ON HIS PERFORMANCE CAUSE ME TO NOT TO BE ABLE TO DISPUTE THE CORROBORATE EVIDENCE ON APPEAL TO THE COURT OF CRIMINAL APPEALS THIS IS AN COMPLETE RESULT OF PREJUDICE BECAUSE OF HIS DEFICIENT PERFORMANCE AT THIS TRIAL

HIS PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS AND THIS IS A MATERIAL DISTINGUISHABLE FACT.

RESPECTFULLY

Signature, Christopher C. McCullough
Christopher C. McCullough
PRO'SE

CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY THAT ON THIS 5TH DAY OF MARCH, 2007 I HAVE SENT AN EXACT SAME COPY OF THE FOREGOING TO: TROY KING ATTORNEY GENERAL ALABAMA STATE HOUSE 11 SOUTH UNION MONTGOMERY, AL 36130-0152 BY PLACING THE SAME IN THE UNITED STATES POASTAL SERVICE, POSTAGE PAID BY PLACING THE SAME IN THE MAIL IN AN UNITED STATES POST OFFICE.

RESPECTFULLY,

Signature, Christopher C. McCullough
Christopher C. McCullough
PRO 'SE

ADDRESS OF COUNSEL
Christopher McCullough #174909
R#06 CELL W.E. DONALDSON
100 WARRIOR LANE BESSEMER, ALABAMA 35023

Page (5)

CHRISTOPHER MCCULLOUGH #174709 R-DORM L-4 CELL
W.E. DONALDSON 100 WARRIOR LANE
BESSEMER, ALABAMA 35023

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711