IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

CHRISTOPHER MCCULLOUGH,       *
#174 909
    Petitioner,                           *

    v.                                      *       3:07-CV-26-MEF

DANIEL JONES, WARDEN, *et al.*,     *

    Respondents.                    *

_____

**ORDER**

On May 1, 2007, Respondents filed a supplemental answer addressing Petitioner's argument that the one-year period of limitation should be equitably tolled because he did not receive notice of the trial court's September 26, 2005 denial of his post-conviction petition until December 1, 2006 and that he only received such information after writing a letter to the circuit clerk for information regarding the status of his Rule 32 petition. In this response, Respondents assert that Petitioner is not entitled to an equitable tolling of the limitation period and the instant § 2254 petition is therefore subject to summary dismissal as it was not timely filed. (Doc. No. 22.)

In support of their argument, Respondents maintain that Petitioner's purported lack of timely notice of the denial of his Rule 32 petition does not establish extraordinary circumstances which made it impossible for him to file his federal petition in a timely manner. (Doc. No. 22 at pgs. 5-9.) Specifically, Respondents maintain that "[Petitioner's] bare claim that he is entitled to equitable tolling because he did not receive notice of the

September 26, 2005 judgment until December 1, 2006 . . . even if taken as true, without more, cannot suffice to meet his burden. . . . [W]hile '[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas petition[,]'  [Petitioner] has made no such showing to justify equitable tolling." (*Id*. at pgs. 5-6.) (citation omitted).

Upon review of the pending habeas petition and the answers of Respondents, it appears to the court that the applicable one-year period of limitation expired prior to Petitioner filing the instant petition.  It further appears that no exceptional circumstances are present which would warrant an equitable tolling of the limitation period.  In light of the foregoing, it is

ORDERED that on or before May 23, 2007 Petitioner shall show cause why his § 2254 petition should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

DONE, this 3rd day of May 2007.

    /s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE