IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHRISTOPHER MCCULLOUGH,)
                                                     )
            PETITIONER,                    )
                                                     )
vs.                                               )        CASE NO.  3:07-CV-26-MEF
                                                     )                    (WO)
                                                     )
DANIEL JONES, WARDEN, et al.,  )
                                                     )
            RESPONDENTS.                )


RESPONDENTS' SECOND SUPPLEMENTAL ANSWER
REGARDING PETITIONER'S EQUITABLE TOLLING CLAIM, AS
REQUESTED BY THIS COURT'S JUNE 27, 2007 ORDER

Come now the Respondents, by and through the Attorney General for the

State of Alabama, and, pursuant to this Court's June 27, 2007 order (Doc. 29),

hereby respectfully submit this second Supplemental Answer to address Petitioner

Christopher McCullough's contention that he is entitled to equitable tolling.

Through his affidavit and other documents filed on June 25, 2007 (Doc. 28),

McCullough has failed to show that he is entitled to equitable tolling to excuse the

untimely filing of his habeas petition challenging his November 7, 2002 Chambers

County Circuit Court convictions of first degree burglary and second degree theft and their corresponding sentences (Chambers County Circuit Court CC-02-189). [1]

## ARGUMENT

### McCullough Is Not Entitled To Equitable Tolling Under The Circumstances Of This Case; Further, His Claims Are Procedurally Defaulted Even If He Were Granted Equitable Tolling.

1. As discussed in the Respondents' February 20, 2007 answer and May 1, 2007 supplemental answer, McCullough filed his habeas petition 68 days outside of the AEDPA one-year limitation period after allowing for statutory tolling. Doc. 10. To again summarize the pertinent events leading to the instant habeas petition, the following is a timeline of McCullough's proceedings in state court regarding his burglary and theft convictions and his filing of his habeas petition in this Court (as demonstrated by the Respondents' exhibits submitted in the aforementioned February 20, 2007 answer and also discussed in their May 1, 2007 supplemental answer):

Conviction/sentencing/direct appeal proceedings:

November 7, 2002:  Burglary and theft convictions

---

[1] Due to the relationship of the equitable tolling issues in McCullough's habeas petition in this case and the petition pending in McCullough v. Jones, Case No. 3:07-CV-71-WHA, the instant Supplemental Answer is similar to the Supplemental Answer also filed in McCullough v. Jones, Case No. 3:07-CV-71-WHA on today's date. For the Court's convenience, copies of the same exhibits attached to this Second Supplemental Answer are also attached to the answer in McCullough v. Jones, Case No. 3:07-CV-71-WHA.

January 7, 2003:  Sentencing

September 19, 2003:  Alabama Court of Criminal Appeals's affirmance of burglary and theft convictions and sentences on direct appeal

December 12, 2003:  Alabama Supreme Court's denial of McCullough's petition for writ of certiorari, and entry of certificates of judgment by the Alabama Supreme Court and the Alabama Court of Criminal Appeals on direct appeal

Ala.R.Crim.P. Rule 32 postconviction proceedings:

March 28, 2004:  McCullough's filing of his Ala.R.Crim.P. Rule 32 petition (though apparently verified on October 5, 2003 during the pendency of the direct appeal)

September 26, 2005:  Trial court's judgment denying the Rule 32 petition

Federal habeas proceedings:

June 18, 2004:  Filing of the first federal habeas petition in this Court during pendency of the Rule 32 petition.

August 18, 2004:  This Court's dismissal of the habeas petition without prejudice

2.  As previously shown by the Respondents, see Doc. 10, pp. 7-13, unless McCullough can show that he is entitled to equitable tolling to excuse the untimely filing of his petition by, at the least, 51 days (if the Rule 32 petition was construed as filed on its October 5, 2003 date of verification) or 68 days (if the Rule 32 petition is deemed filed on the March 28, 2004 date of its actual filing), his petition is due to be dismissed as filed outside of the one year AEDPA limitation period. McCullough has claimed that he did not receive notice of the trial court's

September 26, 2005 dismissal of his Rule 32 petition until December 1, 2006, and that he received this information at this time after writing a letter to the Chambers County Circuit Clerk. Docs. 1, 18, 28. This purported lack of notice is his basis for equitable tolling. Id.

3. In their "Supplemental Answer Regarding Petitioner's Equitable Tolling Claim" (Doc. 22), the Respondents submitted affidavits from Donaldson Correctional Facility Mail Clerk Jamie Oliver and Chambers County Circuit Court Clerk Charles W. Story. In her affidavit, Oliver testified that she found no record that McCullough received legal mail from the Chambers County Circuit Court on or about September 26, 2005 -- the date the Rule 32 petition was denied -- or on or about December 1, 2006, the date that McCullough claimed to received notice from the circuit court that the petition had been denied. (Doc. 22, Ex. A). Chambers County Circuit Court Clerk Charles W. Story testified that his office did not possess a record demonstrating that the September 26, 2005 order had been mailed out, or a "hard copy" of the order; that the office did not possess a copy of any request for records sent by McCullough; and, while he recalled having previously responded to a written request for information by McCullough at some time in the past, he did not recall sending information to McCullough regarding this Rule 32 petition. (Doc. 22, Ex. B). Story further testified that McCullough had not attempted to contact the Clerk's Office to inquire regarding the disposition

4

of the Rule 32 petition by other means, such as by telephone or personal visit by a family member or friend.  Id.

    4.  McCullough has now submitted his own affidavit, and other documents, in an attempt to support his equitable tolling claim.  Doc. 28, pp. 1-18.  He has attached a copy of an envelope from Story and the Chambers County Circuit Clerk's Office postmarked November 28, 2006, and a copy of a November 24, 2006 letter that he wrote to Story; he also attached a document containing unsigned handwritten notations stating:

> "On 8-8-06 you filed a Rule 32 in CC-02-304.60.  No ruling as of yet –
>
> "In CC-02-318.60 your petition was filed on 3-39-04 and denied on 9-26-05.
>
> "In CC-02-318.61  Denied on 9-26-05"

Doc. 28, p. 4.  He also attached several orders from the Court of Criminal Appeals and the Alabama Supreme indicating that he had filed petitions for writ of mandamus in those courts on several occasions; McCullough appears to allege that he sought those courts to order the trial court to "answer" his Rule 32 petitions because "the circuit court...had not even responded to these ... petitions[.]"  Doc. 28, pp. 12, 15.

**A.  McCullough has not shown that he is entitled to equitable tolling.**

    5.  McCullough has failed to establish that he is entitled to equitable tolling,

regardless of his own affidavit and the other documents filed in his most recent response to this Court's May 3, 2007 order.

6. It is first acknowledged that McCullough is correct in asserting that the handwritten notations regarding the disposition of his Rule 32 petitions (Doc. 28, p. 4) were written by Story. Upon receipt of McCullough's filing, at undersigned counsel's request, Story reviewed those notations in McCullough's exhibit, and he has informed undersigned counsel that they are, in fact, in his handwriting and appear to be a response to a request for information made by McCullough.[2] It is also acknowledged that the envelope postmarked November 28, 2006 from the Chambers County Circuit Court appears to be genuine; records regarding this legal mail from Story, which McCullough claims to have received in prison mail on December 1, 2006, inexplicably were not found by Donaldson Correctional Facility Mail Clerk Jamie Oliver in her review of the facility's mail log records.[3]

---

[2] In his April 24, 2007 affidavit Story acknowledged that he had responded to a written request for information by McCullough at some previous date, but had no independent recollection of responding to a request regarding the instant Rule 32 petition. Both undersigned counsel and Story personally reviewed McCullough's case files in preparation for the Respondents' first supplemental answer (Doc. 22), and found no copy of the letter or the response to the letter in the case file. As Story noted in the April 24, 2007 affidavit, "the Clerk's Office does not maintain records of incoming requests for information or the Office's responses to such requests."

[3] In her April 24, 2007 affidavit, Oliver described how she had reviewed the mail room's record's from December 1, 2006 to approximately two weeks after that

7.  Even if McCullough's claim that he was not aware of the disposition of his Rule 32 petition until December 1, 2006 were taken as true, however, this, without more, cannot support equitable tolling.  His one request for this information regarding the status of the March 28, 2004 Rule 32 petition, apparently made in the November 24, 2006 letter to Story (Doc. 28, p. 3), was not sufficient to require the extraordinary remedy of equitable tolling.  Similar to the facts of <u>Drew v. Department of Corrections</u>, 297 F. 3d 1278, 1288 (11th Cir. 2002) wherein the Eleventh Circuit Court of Appeals found no grounds for equitable tolling, McCullough has not alleged, much less proven, that he took other efforts to gain information regarding the disposition of his Rule 32 petition.  McCullough has not showing that he took other steps, "such as calling the Clerk's office by telephone or seeking help from people with the ability to go to the court personally[,]" 297 F. 3d at 1289, to learn of the decision.  Further, he has not alleged, much less proven, that he was given personal assurances from the trial court that he would receive notice of his petitions.  See <u>Knight v. Schofield</u>, 292 F. 3d 709, 710 (11th Cir.2002) (habeas petitioner entitled to equitable tolling because he was personally assured by a state court that it would contact him as soon as a decision was made concerning the final disposition of his appeal, and the court inadvertently sent notice of the decision to the wrong person); <u>Ilarion v Crosby</u>, 179 Fed. Appx. 653,

───────────────────────────────

date, and found no records indicating that McCullough had received legal mail during that period.

654 (11th Cir. 2006) (unpublished opinion)[4], (noting that it had "held only once in a published opinion [Knight] that equitable tolling applied to the AEDPA's one year statute of limitation."); Williams v. State of Florida, No. 06-13393, 2007 WL 843789, at *3 (11th Cir. Mar. 21, 2007) (unpublished opinion) (citing Drew and Knight, and holding that petitioner was not entitled to equitable tolling: "[u]nlike the petitioner in Knight, Williams did not receive a personal assurance that he would be contacted at the conclusion of his case...[w]hile Williams's filing his habeas petition four days after learning of the state court of appeals' mandate affirming his resentencing is evidence of some degree of diligence, we do not find that the district court clearly erred in finding that Williams failed to act diligently."); Logreira v. Secretary for the Dept. of Corrections, 161 Fed. Appx. 902 (11th Cir. 2006) (unpublished opinion) (citing Drew and Knight, and holding that petitioner was not entitled to equitable tolling: "unlike in Knight, here there was no personal assurance indicating that Logreira would be contacted at the conclusion of his case...Moreover, while Logreira provided evidence of his repeated attempts to contact the Florida appellate court through mail, he did not show that he took any steps, other than mailing letters, to gain information concerning his petition.")

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." Eleventh Circuit Rule 36-2.

8. While McCullough points to various mandamus petitions filed in the state appellate courts to support his claim that he "went to extreme measures to make them answer them and to get the results[,]" sought "to make the Chambers County Circuit Court to answer the two postconviction Rule 32's I had in their court[,]" and "did try to gain information of the status of these Rule 32's numerous [sic] of times other than writing the circuit clerk[,]" see Doc. 28, pp. 7, 12, 15, these petitions did not seek information regarding his Rule 32 petitions or to direct the circuit court to provide information regarding the petitions. The petitions, as alleged by McCullough in his filing (Doc. 28), were filed in the following courts:

Alabama Court of Criminal Appeals:

CR-04-1241 (See Exhibit A to this Second Supplemental Response);

CR-06-0257 (Exhibit B);

Alabama Supreme Court:

No. 1041059 (Exhibit C);

1041123 (Exhibit D);

1041781 (Exhibit E).

9. In none of these petitions did McCullough seek information regarding the status of his petitions in either this case, or in the related case before this Court in McCullough v. Jones, Case No. 3:07-CV-71-WHA; rather, he sought, on various grounds, relief from his convictions. See Exhibit A (asking the Court of Criminal

Appeals for Rule 32 relief "because the circuit court refuses answer" the petition and thus "it is taken that what the defendant challenges is true and is entitled to relief requested"); Exhibit B (seeking relief from the Alabama Court of Criminal Appeals due to an alleged error in his preliminary hearing); Exhibit C (seeking relief from the Alabama Supreme Court on various grounds, such as insufficiency of evidence); Exhibit D (seeking the Alabama Supreme Court to award Rule 32 relief because the State had not yet responded to his petition); Exhibit E (seeking the Alabama Supreme Court to award relief on various grounds, such as "false evidence" and "police officers admitted a false statement".[5]

10.  "[E]quitable tolling is an extraordinary remedy which is sparingly applied, and...[McCullough] [bears] the burden of proving equitable tolling." Williams v. U.S., No. 06-11415, 2007 WL 1879865, at *1 (11th Cir. July 2, 2007). Because he has failed to meet this heavy burden, this Court should dismiss McCullough's petition as untimely.

**B. Even if McCullough could demonstrate that he was entitled to equitable tolling, his claims are procedurally defaulted.**

---

[5]These miscellaneous filings have not been previously discussed in reference to the tolling issues in this case because mandamus petitions and other such pleadings do not constitute properly filed petitions for postconviction relief that would toll the one-year AEDPA limitation period. See , e.g., Anderson v. Atty. Gen. of Fla. 135 Fed.Appx. 244, 246, (11th Cir. 2005) (discussing same) (unpublished opinion).  It is also noted that McCullough did not serve the State of Alabama with a copies of any of the mandamus petitions filed in the Alabama Supreme Court.

11. In addition, even McCullough had been able to show that he was entitled to equitable tolling, his claims for habeas relief are procedurally defaulted.

12. As discussed in the Respondents' initial answer to McCullough's petition (Doc. 12), in the instant December 28, 2006 petition before this Court, McCullough seeks habeas relief from his burglary and theft convictions on the following grounds:

A)   His conviction stemmed from an unlawful search and seizure of his 1998 Mustang car; the search arose because of "false allegations stating that the hired help saw the co-defendant looking in a window with a gun in his hand[,]" which led to his co-defendant telling the police that McCullough "had weapons hid in [his] 1998 Mustang...which they retrieved this day without acquiring a search warrant to search my Mustang";

B)  The State failed to disclose favorable evidence that there was "no fingerprints...found anywhere in this residence[,]" which was in conflict the "co-defendant's statement...that [McCullough] burglarized this residence barehanded";

C) His trial counsel, Steve Morris, Esq., rendered ineffective assistance by failing to object to a videotape evidence of the interior of McCullough's car on the ground that it was insufficient corroborative evidence;

D)  His convictions violated his double jeopardy rights because the trial court erred in properly instructing the jury regarding his burglary, theft, and receiving stolen property charges.

Doc. 1, pp. 6-7.

13. McCullough did not raise these claims during his direct appeal proceedings, and further did not raise these claims in his Rule 32 petition. See

Doc. 12, Exs. 1B, 1D, 1E, 1G, 2A.  While McCullough now alleges that he did not receive timely notice of the trial court's denial of his Rule 32 petition, and did not appeal from that judgment for this reason, see Doc. 1, p. 4, any alleged lack of notice would be of no consequence to his exhaustion of his federal habeas claims because he did not raise these claims in the Rule 32 petition; thus, an appeal from that judgment could not have exhausted the habeas claims he now asserts in this Court.  See Doc. 12, Ex. 2A.  "'An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." McClain v. State, 840 So. 2d 937, 943 (Ala. Crim. App. 2002) (citation omitted). "The rule that '[r]eview on appeal is limited to review of any questions properly and timely raised at trial,' is often repeated by the Alabama courts." Smelcher v. Attorney Gen. of Alabama, 947 F. 2d 1472, 1477 n. 7 (11th Cir. 1991).[6]

---

[6] The defaulted nature of these claims thus differs from those discussed in McCullough v. Jones, Case No. 3:07-CV-71-WHA.  In that case, several of McCullough's habeas claims that were raised in the Rule 32 petition that was denied on November 17, 2005 could have been exhausted had McCullough sought an out-of-time appeal under Ala.R.Crim.P. Rule 32.2 (c) within six months of purportedly learning of that judgment -- as here, six months from December 1, 2006 (though the issue was moot if he was not entitled to equitable tolling). See McCullough v. Jones, Case No. 3:07-CV-71-WHA, Doc. 26.  Here, an out-of-time appeal from the trial court's September 26, 2005 denial of his Rule 32 petition could not have served to exhaust McCullough's habeas claims, because the claims were not raised in the Rule 32 petition.

## CONCLUSION

For the foregoing reasons, and for those reasons previously asserted in the Respondents' February 20, 2007 Answer and May 1, 2007 Supplemental Answer, this Court should dismiss McCullough's petition for writ of habeas corpus.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:


/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

# EXHIBITS

Exhibit A:  Mandamus petition filed in Alabama Court of Criminal Appeals CR-04-1241 and order dismissing petition

Exhibit B:  Mandamus petition filed in Alabama Court of Criminal Appeals CR-06-0257 and order dismissing petition

Exhibit C:  Mandamus petition filed in Alabama Supreme Court No. 1041059 and order denying petition

Exhibit D:  Mandamus petition filed in Alabama Supreme Court No. 1041123 and order striking petition

Exhibit E:  Mandamus petition filed in Alabama Supreme Court No. 1041781 and order striking petition

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of July, 2007, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system and I hereby

certify that I have mailed by United States Postal Service the document with all

exhibits to the following non-CM/ECF participant:

> CHRISTOPHER MCCULLOUGH, AIS # 174909
> Inmate, Donaldson Correctional Facility
> 100 Warrior Lane
> Bessemer, Alabama  35023

> /s/Marc A. Starrett
> Marc A. Starrett (STARM1168)
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 242-2848
> E-Mail:  MStarrett@AGO.State.Al.US

ADDRRESS  OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300

295220

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

79172



H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**CR-04-1241**

Ex parte Christopher McCullough    (In re: State of Alabama vs. Christopher McCullough)   (Chambers  Circuit Court: CC02-318.60)

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals orders that said petition be and the same is hereby DISMISSED.

Done this the 26th day of April, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Tom F. Young, Jr., Circuit Judge
   Hon. Charles W. Story, Circuit Clerk
   Christopher McCullough, Pro Se
   Hon. Troy King, Attorney General
   Hon. E. Paul Jones, District Attorney



EXHIBIT
A

## CHAMBERS COUNTY DETENTION FACILITY
### Inmate Stationery

MOTION FOR RELIEF OF POST-CONVICTION RULE 32.

ON MARCH 19, 2004 I CHRISTOPHER THE DEFENDANT FILED A RULE 32 TO CHAMBERS COUNTY FOR RELIEF OF POST-CONVICTION ON SEVERAL GROUNDS SUCH AS - INEFFECTIVE ASSISTANCE OF COUNSEL, ENTERING FALSE EVIDENCE, THE POLICE MADE ILLEGAL CONTACT WITH THE JURY AND SO ON. CHAMBERS COUNTY HAS REFUSED TO ANSWER THIS PETITION AND THE LAW IS WELL SETTLED THAT ANY TIME THE CIRCUIT COURT REFUSES TO ANSWER AN POST-CONVICTION RULE 32 IT IS TAKEN THAT WHAT THE DEFENDANT CHALLENGES IS TRUE AND IS ENTITLED TO RELIEF REQUESTED.

THEREFORE I AM REQUESTING THE COURT OF CRIMINAL APPEALS TO GRANT ME THIS PETITION AS I AM ENTITLED TO RELIEF AS POSED TO LAW.

RESPECTFULLY,

Christopher McCullough

CERTIFICATE OF SERVICE

I Christopher McCullough THIS THE DAY APRIL 11, 2005 DID SEND TO ALL PARTIES INVOLVED, CIRCUIT JUDGE TOM YOUNG, DISTRICT ATTORNEY PAUL JONES, ATTORNEY GENERAL TROY KING AND THIS HONORABLE COURT A SELF ADDRESSED PRE-PAID POSTAGED AND EXACT COPY OF THE FORE GOING IN THE POSTAL SERVICE OF THE STATE OF ALABAMA.

RESPECTFULLY,

Christopher C. McCullough

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**CR-06-0257**

Ex parte Christopher McCullough   (In re: State of Alabama vs. Christopher McCullough)   (Chambers  Circuit Court: CC02-189; CC02-304; CC02-312; CC02-318; CC02-325)

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED.

Done this the 4th day of December, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Charles W. Story, Circuit Clerk
    Christopher McCullough, Pro Se
    Hon. Joel Holley, District Judge
    Hon. Troy King, Attorney General
    Hon. E. Paul Jones, District Attorney



101765

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF ALABAMA

CHRISTOPHER McCULLOUGH #174909          * CRIMINAL CASE
                        , DEFENDENT      * NUMBERS: CC-02-182-183,
                                         * CC-02-304-360, CC-02-318,
        V.                               * and CC-02-325-326
STATE OF ALABAMA                         *
              RESPONDENT,                 *
                                          *

MOTION FOR EXTRAORDINARY WRIT OF MANDAMUS

(1.) ONE SAID CHRISTOPHER McCULLOUGH MOVES THIS HONORABLE
COURT FOR WRIT OF MANDAMUS REGARDING JUDICIAL
ERROR OF THE DISTRICT JUDGE JOEL G. HOLLEY.
THIS REQUEST GOES AS FOLLOWS: ON APRIL 10, 2002 I
THE DEFENDENT CHRISTOPHER McCULLOUGH RECEIVED
A LETTER FROM JUDGE JOEL HOLLEY STATING THAT I
WAS TO BE PRESENT AT PRELIMINARY HEARING ON
APRIL 19, 2002 AT 10:00 AM. AT THE TIME MY ATTORNEY
WAS MR. FRANK PATTERSON. I WANT A TIME MR.
PATTERSON MADE IT SPECIFICALLY CLEAR THAT HE
WOULD NOT REPRESENT ME ON ALL BURGLARY CASES
BECAUSE HE WAS CLOSE TO THE VICTIMS OF 2 OF THE CASES
THIS HAPPENED THE MORNING AT PRELIMINARY HEARING
ON APRIL 19, 2002.
CASE LAW SPECIFIES IN CRIMINAL PROCEDURES THAT
AT PRELIMINARY HEARING THE ONLY INDIVIDUALS
TO HAVE PROPER KNOWLEDGE OF THE EVIDENCE IS THE
DEFENDANT SAID ATTORNEY AND THE DISTRICT ATTORNEY
AFTER DISMISSING MR. FRANK PATTERSON AS MY ATTORNEY
THE DISTRICT JUDGE JOEL HOLLEY MADE A STATEMENT
IN OPEN COURT TO WIT: DO ANYONE IN HERE WANTS TO
REPRESENT MR McCULLOUGH NO ONE SAID ANYTHING
AFTER THE DISTRICT JUDGE GOT NO RESPONSE HE ASKED
MR. STEVE MORRIS IF HE WANTED THE CASES

PAGE (1)

MR. STEVE MORRES STATED QUOTE-UNQUOTE ( YOUR HONOR I DON'T KNOW ANYTHING ABOUT HIS CASES)

THEN THE DISTRICT JUDGE STATED MR. MORRES YOU ARE HIS ATTORNEY

SO BY MR. STEVE MORRES BEING PUT IN A VULNERABLE POSITION HE AUTOMATICALLY STATES THAT HE WAS GOING TO WAIVE THE PRELIMINARY HEARINGS. BEFORE DOING SO I REQUEST THAT HE DOES NOT DO THAT AND HE ONCE AGAIN STATED THAT HE KNEW NOTHING ABOUT THE EVIDENCE THAT THE STATE HAD AGAINST ME. THEN HE ASKED THE DISTRICT ATTORNEY BILL LISENBY, QUOTE-UNQUOTE [ WHAT KIND OF PLEA AGREEMENT DO YOU HAVE FOR MR. MCCULLOUGH] THE DISTRICT ATTORNEY STATE QUOTE-UNQUOTE [ I HAVENT EVEN THOUGHT ABOUT THAT.] THEN MR. STEVE MORRES WAIVED THE PRELIMINARY HEAR- ON THE NOTION THAT HE WAS GOING TO RESOLVE THE CASES WITH THE DISTRICT ATTORNEY BY PLEA AGREEMENT. THIS MOTION HAS COMPLETE MERIT ON THE FOLLOWING GROUNDS: ① THE DISTRICT JUDGE JOEL HOLLEY VIOLATED HIS JUDICIAL DISCRETION BY ALLOWING ATTORNEY STEVE MORRIS TO WAIVE ALL MY PRELIMINARY HEARINGS KNOWING THAT HE KNEW NOTHING ABOUT MY CASES, THE CHARGES OR THE EVIDENCE AGAINST ME.

② COURT RECORDS WILL SHOW THAT ON THE SAME MORNING OF THE PRELIMINARY HEARINGS, THAT AFTER ATTORNEY FRANK PATTERSON WAS RELIEVED ON APRIL 19, 2000, THE ATTORNEY STEVE MORRES WAS APPOINTED TO REPRESENT ME ON APRIL 19, 2000 WHICH SHOWS THAT HE WAS INCAPABLE OF BEING PREPARED OR READY FOR ANY THESE HEARINGS. IF THIS COURT LOOK AT THIS MOTION ON PROXIMITY IT SHOULD DETERMINE THE FACT THAT IN ORDER FOR ANY ATTORNEY TO BE PREPARED FOR ANY PRELIMINARY HEARINGS HE OR SHE MUST HAVE EVALUATED OBSERVED AND **HAVE** PROPER KNOWLEDGE OF ALL THE EVIDENCE AGAINST THEIR CLIENT

(8) THE RULES OF COURT SPECIFIES THAT POSTPONEMENT IS NECESSARY UPON MOTION OF ANY PARTY OR UPON THE DISTRICT JUDGES OWN INITIATIVE. THE PRELIMINARY HEARING MAY BE POSTPONED BEYOND THE TIME LIMIT SPECIFIED IN SECTION UPON A FINDING THAT CIRCUMSTANCES EXIST THAT JUSTIFY DELAY AND IN THAT EVENT THE COURT SHALL ENTER A WRITTEN ORDER DETAILING THE REASONS FOR THE FINDING AND SHALL GIVE THE PARTIES PROMPT NOTICE THEREIN. RULE 5.1 (D.)

(9) FOR THE DISTRICT JUDGE JOEL HOLLEY TO STATE THAT A ATTORNEY IS PREPARED TO REPRESENT A CLIENT WHOM HE NEVER SPOKEN TO OR KNEW ANYTHING ABOUT HIS CASES IS TOTALLY CONTRADICTIVE AND ALSO VIOLATES THE LAWYER CLIENT PRIVELEGE RULE.

### IN CONCLUSION

DUE TO THE PROXIMITY OF THE EVIDENCE IT IS CLEARLY SHOWN THAT THE DISTRICT JUDGE DID NOT ACT IN HIS OWN INITIATIVE AND VIOLATED HIS DISCRETION BY ALLOWING AN ON THE SPOT APPOINTED ATTORNEY TO WAIVE SUCH HEARINGS. THEREFORE DEFENDANT IS ASKING THIS HONORABLE COURT TO GRANT SUCH A WRIT TO RELIEVE THE DEFENDANT OF ALL CONVICTIONS.

### CERTIFICATE OF SERVICE

I CHRISTOPHER MCCULLOUGH DO HEREBY CERTIFY THAT I HAVE SENT AN EXACT SAME COPY OF THE FOREGOING BY PLACING IN THE U.S. MAIL POSTAGE SERVICE ON THIS THE 3rd DAY OF NOVEMBER 2006

COPIES WENT TO:

PAGE (3)   TROY KING ATTORNEY GENERAL MONTGOMERY AL
PAUL JONES DISTRICT ATTORNEY

RESPECTFULLY, Christopher C. McCullough

*Starrett CC5873*

IN THE SUPREME COURT OF ALABAMA
May 11, 2005

1041059

Ex parte Christopher McCullough.    PETITION FOR WRIT OF
MANDAMUS: CRIMINAL   (In re: Christopher McCullough, alias v.
State of Alabama)   (Chambers Circuit Court: CC02-318; Criminal
Appeals: CR-03-1103).

ORDER

The petition of Christopher McCullough for a writ of
mandamus to be directed to the Alabama Court of Criminal
Appeals having been duly filed and submitted to the Court,

IT IS ORDERED that the petition for writ of mandamus is
denied.

Nabers, C.J., and Lyons, Woodall, Smith, and Parker, JJ.,
concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 11th day of May, 20 05

Robert G Esdale, Sr.
Clerk, Supreme Court of Alabama



**CHAMBERS COUNTY DETENTION FACILITY**
Inmate Stationery

FILED
APR 14 2005
CLERK
SUPREME COURT OF ALABAMA

1041059.

APRIL 14, 2005

IN THE COURT OF ALABAMA, SUPREME
COURT

CHRISTOPHER McCULLOUGH,            X CR. NO. 03-1103
                    APPELLANT,       X
        VS,                          X
STATE OF ALABAMA,                    X
                    APPELLEE         X
                                     X

ON APPEAL FROM THE CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
TRIAL COURT CASE NO: CC-2002-318

MOTION FOR WRIT OF MANDAMUS

I ONESAID CHRISTOPHER McCULLOUGH HEREBY
AND THENCEFORTH MOVE THIS HONORABLE COURT
FOR THE EXTRAORDINAY WRIT OF MANDAMUS,
REASONS GOES AS FOLLOWS: ON APRIL 6, 2005 I ONESAID
CHRISTOPHER McCULLOUGH HAD WENT TO A SENTENCING
HEARING FROM AN PREVIOUS TRIAL, WHILE THIS TRIAL
NO: CC-2002-318 WAS ON APPEAL.
MRS. Kyle GROFF HELEN WAS MY DEFENSE ATTORNEY
FOR THIS TRIAL NO: CC-2002-318 AND FOR HER DOING
A VERY POOR JOB I AWARED HER THAT HER SERVICES
WERE NO LONGER NEEDED AS A RESULT OF THIS
CONFLICT OF INTEREST SHE DID NOT INFORM ME
OF THE AFFIRMATION OF THIS CRIMINAL CASE UNTIL
LAST WEEK APRIL 6, 2005 ON WHICH SHE SHOWED AS
MY SENTENCING COUNSEL.
BY HER BEING TRIAL COUNSEL AND APPEAL COUNSEL HER
INEFFECTIVENESS IS COGNIZABLE FOR THIS EXTRAORDINAY
WRIT,
PAGE(1)

**CHAMBERS COUNTY DETENTION FACILITY**
*Inmate Stationery*

By her not informing me of the court of criminal appeals decision she personally vanquished my opportunity to appeal their decision to the Alabama Supreme Court.

Therefore the defendant is not at fault for an untimely appeal.

② The court of criminal appeals expresses that they would not disturb the trial courts decision cause the findings was taken to the jury to decide the evidence.

In this extraordinary writ I submit that there was insufficient evidence to bring about this decision by the jury.

No overt act was proven. An overt act consists of some kind of attempt to enter the residence to consummate the crime of burglary but somehow while attempting to gaining entrance the crime falls short and is not completed.

Mr. Mike and Mrs. Judith Gragg both testified that no attempt was made to gain entrance of their residence. And mere presence on someone's property does not constitute an overt act.

Where no one except accomplice put the defendant at the scene of the burglary, there was insufficient evidence to meet statutory requirements and, thus, defendants conviction would be reversed.

Yarber v. State, 375 So. 2d 1112, reversed 375 So 2d 1229.

13A-4-2 states that another tack is as long as defendants acts are equivocal, it cannot be said that he has an intent to commit a crime, as long as this quality of equivocation remains there is no attempt.

Page ②.

## CHAMBERS COUNTY DETENTION FACILITY
### Inmate Stationery

SOME AUTHORITIES HOLD THAT WHERE THERE WAS INSUFFICIENT OR UNSUITABLE MEANS EMPLOYED BY THE DEFENDANT SO THAT THE INTENDED CRIME COULD NOT BE WHOLLY COMPLETED, OR, OTHERWISE THERE WAS IMPOSSIBILITY OF ACHIEVEMENT, THERE CAN BE NO LIABILITY FOR AN ATTEMPT TO COMMIT SUCH CRIME.

WHERE THERE IS NO EVIDENCE OF DEFENDANT'S FAILURE TO CONSUMMATE THE CRIME OF BURGLARY IN THE THIRD DEGREE, WHICH WAS A NECESSARY ELEMENT OF AN ATTEMPT, THE CHARGE OF ATTEMPT WAS NOT NECESSARY OR PROPER. HOLLINS V. STATE, 415 So. 2d 1249 (ALA. CRIM. APP. 1982).

MERE PRESENCE OF AN INDIVIDUAL AT THE TIME AND PLACE OF A CRIME DOES NOT MAKE HIM A PARTY TO THAT CRIME. EX PARTE C.G., 601 So. 2D 890 (ALA. 1992.) WHERE IT WAS APPARENT THAT THE STATE PROVED APPELLANT WAS THERE TO ASSIST ANYONE PRESENT TO COMMIT A BURGLARY, WHILE AIDING AND ABETTING WAS AN ISSUE FOR THE JURY TO DECIDE, THERE WAS NOT ENOUGH EVIDENCE PRESENTED BY THE STATE IN THE CASE FOR THE MATTER TO GO TO THE JURY. AND APPELLANT MOTION TO EXCLUDE SHOULD HAVE BEEN GRANTED. PRANT V. STATE, 462 So. 2D 781 (ALA. CRIM. APP. 1984.)

CORROBORATIVE EVIDENCE IS NOT SUFFICIENT IF IT REQUIRES ANY OF THE ACCOMPLICE'S TESTIMONY TO FORM THE LINK BETWEEN THE DEFENDANT AND THE CRIME. MCCOY V. STATE, 397 So. 2D 577 (ALA. CRIM. APP.) IN THIS CASE, THE STATE CONTENDS THAT MR. MCCULLOH WAS ARMED WITH AN HIGH POWER EXPLOSIVE WEAPON. AND WHERE DID THIS EVIDENCE COME FROM, SOLELY FROM THE TESTIMONY OF THE CO-DEFENDANT BILLY NORRIS BECAUSE THESE WEAPONS WERE FOUND IN MY AUTOMOBILE I AM SAID TO BE ARMED WITH ONE OF THEM ON THIS DAY

(PAGE 2)

**CHAMBERS COUNTY DETENTION FACILITY**

*Inmate Stationery*

ON MARCH 19, 2002 THE DAY OF THIS EVENT I WAS ACCUSED OF BEING ARMED WITH A 9.M.M. BAREHANDED AND ON THIS SAME DAY THESE 2 WEAPONS WERE SENT TO MRS. GAYLE PETERS THE LATEX FINGER PRINT EXAMINER OF THE ALABAMA BUREAU OF INVESTIGATION SHE CONDUCTED A THOROUGH EXAMINATION AND CONSTITUTED THAT MY FINGER PRINTS WERE NOT EFFECTED ON ANY OF THOSE WEAPONS, WHICH STATES THAT THE PROSECUTION WENT SOLELY ON THE CO-DEFENDANTS TESTEMONY TO PERSUADE THE JURY THAT I WAS ARMED WITH SUCH A WEAPON. AT THIS JURY TRIAL THE CO-DEFENDANT BILLY NORRIS ALSO TESTIFIED THAT HE DROVE MY VEHICLE ON MANY OCCASSIONS WITHOUT ME PRESENT. ALSO ERRONEOUSLY THE COURT OF CRIMINAL APPEALS STATE THAT THE WEAPONS WERE FOUND BEHIND THE BACK SEAT OF THE DRIVERS SIDE, WHICH THEY STATE I HAD PROPER ACCESS TO. THE TRUTH OF THE MATTER IS THAT BY POLICE REPORT AND POLICE TESTEMONY THE WEAPONS WERE FOUND BEHIND THE BACK SEAT ON THE PASSENGERS SIDE ON WHICH SHOWS IMPOSSIBILITY ON MY BEHALF TO ACCESS OF ANY OF THESE WEAPONS.

③

ALSO THERE WAS COMPLETE INCONSISTENCY IN TESTIMONY'S. I SUBMITT THAT THE COURT OF CRIMINAL APPEALS DID NOT EVALUATE ALL TESTEMONY BY STATE WITNESSS. THEY SOLELY WENT WITH MRS. PEARL TRAMMELLS TESTEMONY AND DISREGARDED THE GRAGGS TESTEMONY.
I SUBMIT COMPLETE INCONSISTENCY OF TESTIMONY WITH PEARL TRAMMELL AND JUDITH GRAGG. PEARL TRAMMELL TESTIFIED BEFORE MRS. JUDY GRAGG DID AND IT GOES AS FOLLOWS; ON MARCH 19, 2002 SHE WAS SAID TO BE FOLDING CLOTHES AT THE BACK OF THE HOUSE WHERE SHE STATED THAT SHE SAW A VERY TALL

PAGE ④

**CHAMBERS COUNTY DETENTION FACILITY**

*Inmate Stationery*

BLACK MAN WEARING A BANDANNA AROUND HIS FACE LOOKING IN A WINDOW. AND SHE ALSO STATE SHE SAW ANOTHER MAN IN FRONT OF THE HOUSE WITH A SKI MASK ON. NOW I SUBJECT THAT HAD CAN SHE BE IN TWO PLACES AT ONE TIME. HOW CAN SHE BE ALL THE WAY AT THE BACK OF THE HOUSE FOLDING CLOTHES AND AT THE SAME TIME SEE IN THE FRONT OF THE HOUSE, THAT IS HIGHLY IMPOSSIBLE TO BE DONE FOR SUCH A LARGE HOUSE. FURTHER TESTIMONY SHE STATES THAT SHE TOLD MR. GRAGG THAT SHE SAW A MAN LOOKING IN THE BACK WINDOW AND SHE AND MRS. JUDITH GRAGG WERE TOGETHER IN THE BACK ROOM WHILE MR. MIKE GRAGG CALL THE POLICE. SHE ALSO TESTIFIES THAT WHILE SHE AND JUDITH GRAGG WERE IN THE BEDROOM THAT MRS. JUDITH GRAGG POINTED AT THE WINDOW AND STATED QUOTE-UNQUOTE LOOK PEARL THERE THEY GO RIGHT THERE RUNNING TOWARD THE BARN. HER TESTIMONY STATES THAT WHILE HER AND JUDITH GRAGG BOTH STOOD LOOKING OUT THE WINDOW MRS. JUDITH GRAGG AND SHE SAW TWO PEOPLE RUN THROUGH THE GRAGGS YARD

RETROACTIVELY MRS. JUDITH GRAGG TESTIFIES NEXT AND STATED THAT SHE WAS GOING TO TELL THE ABSOLUTE TRUTH AND SHE DID. SHE VERIFIED THAT SHE AND MRS. PEARL TRAMMELL WERE TOGETHER LOOKING OUT THE WINDOW TO SEE WHAT WAS GOING ON. AND SHE ALSO TESTIFIED TO THIS QUOTE-UNQUOTE WHEN I WAS STANDING LOOKING OUT THE WINDOW WITH PEARL I SAW ON MAN RUNNING THROUGH MY YARD TOWARD THE WOODS. HE WAS VERY TALL HAD ON A WHITE TSHIRT AND BLUE JEANS AND THATS THE ONLY PERSON THAT I SAW IN MY YARD THAT DAY.

NOW I ASK A LOGICAL QUESTION IF BOTH MRS. JUDITH GRAGG AND MRS. PEARL TRAMMELL WERE AT THE EXACT SAME

PAGE (5.)

# CHAMBERS COUNTY DETENTION FACILITY
## Inmate Stationery

WINDOW AT THE EXACT SAME TIME HOW COULD THE OWNER OF THIS RESIDENCE STATE THAT SHE OBSERVED ONE MAN ON HER PROPERTY AND THE MAID STATED BEFORE HAND THAT MRS. GRAGG AND SHE BOTH SAW TWO.

NOW WHO DO WE BELIEVE THE OWNER OF THIS HOUSE OR THE HIRED HELP I HIGHLY DOUBT THAT MRS. JUDITH GRAGG HAD ANY REASON TO LIE ABOUT WHAT SHE SAW AFTER ALL THIS WAS HER HOUSE.

THE LAW IS WELL SETTLED THAT MERELY BEING AT OR NEAR THE SCENE OF A CRIME WITHOUT RAISING THE HUE AND CRY DOES NOT MAKE A MAN EITHER PRINCIPAL OR ACCESSORY TO THAT CRIME. LEONARD v. STATE 43 ALA. APP. 454, 192 So.2d 46 (1966)

THE MERE PRESENCE AT THE SCENE OF THE CRIME, WITHOUT MORE CANNOT MAKE AN ACCUSED A PARTY TO THE CRIME. RADKE v. STATE, 292 ALA. 290, 293 So.2d 314 (1974.)

④ AT THE TIME BILL LIZENBY WAS DISTRICT ATTORNEY WHO LED THE PROSECUTION FOR THIS CASE. MY REASON FOR REVIEWING THE VIDEO TAPES WERE THAT BILL LIZENBY ADMITTED FALSE EVIDENCE IN THIS TRIAL THE MORNING OF ARREST I WAS NOT A SUSPECT OF ANY KIND OF FELONY, TO PROVE THIS POINT THE VIDEO TAPE SHOWS THAT ALL THE OFFICERS LET ME WALK AWAY WITH THE SKI MASK IN MY BACK POCKET TO A PATROL CAR WHICH TOOK US TO THE LANETT POLICE DEPARTMENT ON WHICH I DISPOSED THE SKI MASK.

THE VIDEO TAPE WILL DISCLOSE THIS.

⑤ JUDGE MARTIN VIOLATED THE RULES OF CRIMINAL PROCEDURE SPECIFICALLY RULE 26.8) PRONOUNCEMENT OF SENTENCE; ON THE RECORD IT SHOWS THAT HE DID NOT AFFORD ME TO MAKE A STATEMENT IN MY BEHALF BEFORE HE IMPOSED SENTENCING. THIS IS A DIRECT VIOLAT

PAGE (6)

# CHAMBERS COUNTY DETENTION FACILITY
## Inmate Stationery

13A-5-47

(C.) ALSO STATES THAT BEFORE IMPOSING SENTENCE THE TRIAL COURT SHALL PERMIT THE PARTIES TO PRESENT ARGUMENTS CONCERNING THE EXISTENCE OF AGGRAVATING AND MITIGATING CIRCUMSTANCES AND THE PROPER SENTENCE IMPOSED IN THE CASE.

THEREFORE PETITIONER PRAYS THAT THIS COURT WOULD GRANT SUCH AN EXTRAORDINARY WRIT AND THE RELIEF REQUESTED OF BEING ACQUITTED OF THE SAID CHARGE

RESPECTFULLY,

Christopher C. McCulloug





# IN THE SUPREME COURT OF ALABAMA

August 3, 2005

**1041123**

Ex parte Christopher McCullough.  PETITION FOR WRIT OF MANDAMUS:
CRIMINAL  (In re: State of Alabama vs. Christopher McCullough)  (Chambers
Circuit Court: CC02-318.60; Criminal Appeals : CR-04-1241).

### ORDER

    The petition filed in this cause on April 29, 2005, is
stricken as moot.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 3rd day of August 2005

Clerk, Supreme Court of Alabama

cc:
Christopher McCullough, Pro Se
Hon. Troy R. King, Attorney General
Hon. E. Paul Jones, District Attorney

/ag



Star Batt 79172

ORIGINAL

1041123.

FILED
APR 29 2005
CLERK
SUPREME COURT OF ALABAMA

IN THE ALABAMA SUPREME COURT

EX PARTE CHRISTOPHER McCULLOUGH
IN RE: STATE OF ALABAMA,
                        APPELLEE
            vs.
CHRISTOPHER McCULLOUGH,
                    APPELLANT

X CHAMBERS COUNTY
X CIRCUIT COURT
X No: CC02-318.60
X
X
X CR-04-1241

## MOTION FOR WRIT OF MANDAMUS

I ONE SAID CHRISTOPHER McCULLOUGH
PETITIONER OF SAID CAUSE MOVES THIS COURT
FOR THE EXTRAORDINARY WRIT OF MANDAMUS
FOR SAID CRIMINAL CASE FOR THE FOLLOWING:

(1) IN MARCH 2005 I FILED FOR MOTION FOR
RELIEF OF POST-CONVICTION TO THE ALABAMA
COURT OF CRIMINAL APPEALS ON WHICH THEY
TOOK AS A WRIT FOR MANDAMUS
IT WAS DISMISSED ON APRIL 26, 2005 BY
THE COURT OF CRIMINAL APPEALS WHICH
PETITIONER ACKNOWLEGES THAT THIS WAS
ERRENEOUS AND PREJUDICIAL.

(2) THE POST-CONVICTION FOR THIS PARTICULAR
CASE WAS FILED ON OR ABOUT MARCH 19 2004
WHICH GAVE THE DISTRICT ATTORNEYS ADEQUATE
TIME TO RESPOND TO THE SAID PETITION
I ALSO APPLIED FOR AN EVIDIENTIARY HEARING

AND ALSO GOT NO RESPOND. BY LAW AWD CHAIN OF COMMAND, I NOTIFIED THE HIGHER COURT, THE COURT OF CRIMINAL APPEALS OF THIS SAID NEGLECTION AS STATED BY LAW. I INFORMED THEM OF CHAMBERS COUNTY REFUSAL TO ANSWER MY RULE 32 POST-CONVICTION. I ASKED THE COURT OF CRIMINAL APPEALS TO DIRECT THEM TO GRANT ME THE RELIEF THAT I AM ENTITLE TO AND THEY DISMISSED MY PETETITION.

(3) THE LAW IS WELL SETTLED ON 998 (14.1) ALA. CRIM. APP. 1998—[IT SPECIFICALLY STATES] WHEN STATE DOES NOT RESPOND TO ALLEGATIONS IN PETITION FOR POST-CONVICTION RELIEF, UN REFUTED STATEMENT OF FACTS MUST BE TAKEN AS TRUE.—RULES OF CRIMINAL PROCEDURE, RULE 32—BRYANT V. STATE, 739 So2D1138

(4) IT ALSO STATES IN CRIMINAL LAW 998 (19) WHEN POST-CONVICTION CONTAINS MATTERS WHICH IF TRUE, WOULD ENTITLE PETITIONER TO RELIEF, EVIDIENTIARY HEARING MUST BE HELD RULES OF CRIMINAL PROCEDURE RULE 32.9

THEREFORE PETITIONER PRAYS THAT THIS HONORABLE COURT GRANTS THIS EXTRAORDINARY WRIT FOR THE VALID MERITS AT HAND. PETITIONER PROCLAIMS THAT HE IS ENTITLED TO RELIEF AS ALABAMA LAW STATES.

RESPECTFULLY,

Christopher C. McCullough

Starrett 79172



# IN THE SUPREME COURT OF ALABAMA

August 24, 2005

**1041781**

Ex parte Christopher McCullough.  PETITION FOR WRIT OF MANDAMUS:
CRIMINAL  (In re: State of Alabama vs. Christopher McCullough)  (Chambers
Circuit Court: CC02-318.60; Criminal Appeals : CR-04-1241).

## ORDER

IT IS ORDERED that the petition for writ of mandamus filed
in this cause on August 5, 2005, is stricken pursuant to Rule
21(e)(3),  Alabama Rules of Appellate Procedure.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this _24th_ day of _August_  _2005_

Clerk, Supreme Court of Alabama

cc:
Christopher McCullough, Pro Se
Hon. Troy R. King, Attorney General
Hon. E. Paul Jones, District Attorney

/ag



1041781

Sparkett new
79172

R-2 8/8/06

PETITION FOR WRIT OF MANDAMUS

EX PARTE CHRISTOPHER McCULLOUGH  X

        VS.

STATE OF ALABAMA

        X CHAMBERS
        X COUNTY
        CIRCUIT
        X COURT:
        CC 02-318.60
        X CRIMINAL
        APPEALS:
        X CR-04-1241
        X
        X

I CHRISTOPHER McCULLOUGH SAID PRO SE
DO HEREBY SUBMIT TO THIS COURT THE
ALABAMA SUPREME COURT AN EXTRAORDINARY
WRIT WITH EXTREME MERITS.

THIS REQUEST FOR EXTRAORDINARY WRIT
GOES AS FOLLOWS: ON MARCH 19, 2002 MY
VEHICLE WAS STOPPED BY AN LANETT
POLICE OFFICER BECAUSE OF THE PASSENGER
OF MY VEHICLE WAS SEEN LOOKING IN THE
WINDOW OF MR. MIKE GRAGG'S RESIDENCE
WITH A GUN.
AS A RESULT TO THIS INCIDENT THEY
WENT AND SEARCHED MY RESIDENCE ON WHERE
THEY DID NOT ASK FOR MY CONSENT TO
SEARCH THIS RESIDENCE REASON FOR THE
CO-DEFENDANT BILLY NORRIS PROCLAIMED
TO HAVE HID A RIFLE IN MY RESIDENCE
ON WHICH WAS FOUND TO BE STOLEN.

PAGE ①

THEY THEN SEARCHED MY 1988 MUSTANG AT LEAST 4 TIMES AND LATER AFTER THE LAST SEARCH FOUND 2 GUNS BEHIND THE BACK PASSENGER SEAT OF MY VEHICLE.

THE SAME DAY THE BOTH OF THESE GUNS WERE SENT TO THE ALABAMA BUREAU OF INVESTIGATION WHERE ONE SAID MRS. GAYLE PETERS CONDUCT A PROPER SEARCH FOR FINGER PRINTS.

AND IN CONTENT SHE DID VERIFY THAT MY FINGER PRINTS WERE NOT EFFECTED ON ANY OF THESE WEAPONS. AND THE REASON FOR THE CANETT POLICE OFFICER TO STOP MY VEHICLE WAS BECAUSE THE PASSENGER OF THIS VEHICLE WAS SEEN WITH A GUN BY THE WORK HELP MRS. PEARL TRAMMELL.

AT JURY TRIAL ALL WITNESS TESTIFIED THAT NO ONE EVER SEEN OR MENTION ANYTHING ABOUT A GUN ON MARCH 19 2002.

THEREFORE THE POLICE OFFICER INTENTIONALLY LIED TO SEARCH MY VEHICLE.

ARTICLE 10.04 THE CONSTITUTION STATES THAT THE RIGHT TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS AND EFFECTS AGAINST UNREASONABLE SEARCH AND SEIZURES.

THIS STATE THE PEOPLE RIGHTS SHALL NOT BE VIOLATED.

PAGE ②

ALSO AT THIS JURY TRIAL I DID ESTABLISH
MY REASON FOR BEING AROUND THE CO-DEFENDANT
ON THIS MORNING. HE WANTED TO BURGLARIZE
THIS RESIDENCE TO PROVE THAT HE WOULD DO
SOMETHING ILLEGAL FOR STREET CREDIBILITY
TO GET IN A GANG. THIS IS THE ABSOLUTE
TRUTH. SO BY ME TESTIFYING ON THIS
BASIS THEY CONCLUDE THAT I DID INCRIMINATE
MYSELF BY MENTIONING THE WORD GANG.
AND IN LIGHT OF THE WHOLE SITUATION
I FOUND OUT THAT THE CO-DEFENDANT HAD
ALREADY BURGLARIZED SOME HOUSES BEFORE THIS
DAY AND ALSO INCLUDED ME IN THEM TOO!
THE UNITED STATES CONSTITUTION ARTICLE(V)
CONTINUED STATES: NOR SHALL A DEFENDANT
BE COMPELLED IN ANY CRIMINAL CASE TO
BE A WITNESS AGAINST HIMSELF.

### ISSUES OF FACTS

I. FALSE EVIDENCE: AT JURY TRIAL MR. McCullough
ASKED HIS ATTORNEY MRS. KYLA HEILMGROAT
TO SHOW ALL VIDEOS WHICH WAS AROUND 3
TO THE JURY. SHE PROCLAIMED THAT SHE DID
NOT WANT THE JURY TO SEE THE GUNS IN
MY VEHICLE, BUT WANTED ME TO STIPULATE
THAT THE GUNS WERE FOUND IN MY VEHICLE,
REASON FOR THIS IS THAT THE DISTRICT
ATTORNEY ADMITTED FALSE EVIDENCE AT THIS
TRIAL.

THE FACT OF THE MATTER IS THAT THE
VIDEO TAPE WILL SHOW THAT THE SKI MASK
THAT I HAD IN MY BACK POCKET THEY LET
ME WALK AWAY WITH IT, AND LATER I
DISPOSED OF IT BECAUSE IT WAS NOT
A FACTOR OF THEIR INVESTIGATION. BUT
ON NOVEMBER 14, 2003 THE PROSECUTION ADMITTED
A SKI MASK AT THIS JURY TRIAL AND PROCLAIMED
THAT IT WAS THE ONE THAT THEY GOT FROM
ME ON MARCH 19, 2002 THIS WAS USED TO STREGHEN
THE STATES CASE AGAINST ME, AND THIS VIDEO
WILL VERIFY THAT THEY NEVER TOOK THE SKI-MASK
FROM ME AND ENTERED FALSE EVIDENCE AT
THIS JURY TRIAL. THE PROSECUTION DID NOT
ADMITT ANY HAIR OR DNA SAMPLE FROM THIS
SKI-MASK BECAUSE THEY KNEW THAT IT DID
NOT COME FROM ME.
THIS GROUND ALONG SHOULD HAVE ME ACQUITTED
BUT I HAVE SEVERAL MORE GROUNDS TO ESTABLESH.

II.  POLICE OFFICERS ADMITTED A FALSE STATEMENT.
ON MARCH 19, 2002 THERE WERE SEVERAL POLICE
OFFICERS AND DETECTIVES PRESENT AT THE LANETT
POLICE DEPARTMENT. SOME WERE FROM LANETT AND
OTHERS WERE FROM LAFAYETTE, ALABAMA
WHILE I WAS ISOLATED IN A ROOM ALL OF THEM
WERE TALKING AT ONE TIME ACCUSSING ME OF
ALL TYPES OF BURGLARIES. SO MIKE LOOSZEROR
JEFF BLACKSTONE WHICH WORK IN LAFAYETTE

SKID ME THE WAIVER OF RIGHTS FORM, HE TOLD ME TO READ IT CAREFULLY AND INITIAL MY NAME THEN SIGN IT. THEN ONCE I DID THAT EVERYONE LEFT THE ROOM EXCEPT DETECTIVE RICHARD CARTER OF THE LANETT POLICE DEPARTMENT. NOW KEEP IN MIND OF THIS INCIDENT BECAUSE IN LIEU OF THE SITUATION TO ESTABLISH THAT I WAS NOT EVEN A SUSPECT IN THIS SITUATION THEY QUESTIONED THE PASSENGER OF MY CAR SEVERAL HOURS BEFORE THEY EVEN SAID ONE WORD TO ME.

THIS ALONG ESTABLISHES THAT THEY KNEW THAT I HAD DID NOTHING WRONG. BUT AFTER QUESTIONING THE CO-DEFENDANT BILLY NORRIS THEY INCLUDED ME ON EVERY CRIME THAT HE COMMITTED. NOW THE BASIS FOR THE WAIVER OF RIGHTS FORM IS THAT THE DEFENDANT ELECTED TO ALLOW DETECTIVES TO QUESTION HIM TO A CERTAIN EXTENT ABOUT THE CRIME BEFORE HAND. THE WAIVER OF RIGHTS FORM SPECIFICALLY STATES THAT YOU CAN DENY TO ANSWER ANY QUESTIONS AT ANY GIVEN TIME. AND YES I ADMIT THAT ME AND DETECTIVE CARTER HAD AN ORAL CONVERSATION ON WHICH IT WAS REALLY A ORAL DEBATE THEREFORE A STATEMENT WAS NEVER MADE. AND THERE IS NOTHING ON THE WAIVER OF RIGHTS FORM TO STATE THAT IF YOU WAIVE THESE

PAGE 2

RIGHTS THAT THE DEFENDANT AUTOMATICALLY MADE A STATEMENT. THERE IS NO CONTENT UNDER THE UNITED STATES LAW TO VERIFY THIS BY ANY MEANS.

THEREFORE DETECTIVE RICHARD CARTER AND DISTRICT ATTORNEY BILL KIMBROUGH INFLUENCED THE JURY THAT JUST BECAUSE I SIGNED THE WAIVER OF RIGHTS FORM, THAT I DID INDEED MADE A STATEMENT WHICH IS OBSURD

III    NO CORROBORATION AND INSUFFICIENT EVIDENCE

THE COURT OF CRIMINAL APPEALS AFFIRMED THE TRIAL COURTS VERDICT BASED ON PRESSERVING THE RIGHT TO CLAIM THAT THE CO-DEFENDANT WAS NOT CORROBORATED AT ALL,

IT IS THE SWORN DUTY OF THE APPOINTED COUNSEL TO REPRESENT HIS/HER CLIENT TO THE LAW STANDARDS. IF AN ATTORNEY DOES NOT RAISE THE ISSUES OF CORROBORATION AT TRIAL THIS SHOWS THAT SHE WAS INEFFECTIVE AND DID NOT PREPARE PROPERLY FOR THIS TRIAL AT ALL. THE BASIS OF ANY VERDICT LIES SOLELY ON THE EVIDENCE SUBMITTED TO THE TRIAL COURT. AND THE ONLY EVIDENCE TO STATE THAT I WAS EVEN ON THIS PROPERTY WAS TO STOP THE CO-DEFENDANT FROM KICKING IN THESE PEOPLE DOOR. BUT I DO NOT GET ANY CREDIT FOR STOPPING THIS CRIME FROM HAPPENING. I GET BAMBOOZLED INTO A LONG TERM PRISON SENTENCE

FOR BEING ON OR NEAR SOMEONE ELSE'S PROPERTY,
ALL I DID WAS SHOW MERE PRESENCE TO
STOP BILLY NORRIS.

THE LAW STATES THAT MERE PRESENCE OF
AN INDIVIDUAL AT THE TIME AND PLACE
OF A CRIME DOES NOT MAKE HIM A PARTY
TO THAT CRIME. EX PARTE G.G., 601 So. 2d 89d(ALA. 1992)
FURTHER MORE THE LAW ALSO STATES THAT
WHERE IT WAS APPARENT THAT THE STATE
PROVED APPELLANT WAS PRESENT AT THE SCENE,
BUT FAILED TO PROVE THAT APPELLANT WAS
THERE TO ASSIST ANYONE PRESENT TO COMMIT
A BURGLARY, WHILE AIDING AND ABETTING WAS
AN ISSUE FOR THE JURY TO DECIDE, THERE WAS
NOT ENOUGH EVIDENCE PRESENTED BY THE STATE
IN THE CASE FOR THE MATTER TO GO TO THE
JURY. PRANTL V. STATE, 462 So. 2d 781 (ALA. CRIM. APP.
ALSO THE COURT HELD THAT            1984.)
MERE PRESENCE AT THE SCENE WAS INSUFFICIENT
TO PROVE APPELLANT'S GUILT UNDER A THEORY
OF COMPLICITY. JONES V. STATE, 481 So. 2d 1183 (ALA.
CRIM. APP. 1985.)
THE LAW ALSO STATES THAT REMOTE PREPARATORY
ACTS REASONABLY IN A CHAIN OF CAUSATION
DO NOT CONSTITUTE AN ATTEMPT. HUGGINS V. STATE
41 ALA. APP. 548
THE LAW STATES THAT POSSESSION OF STOLEN PROPERTY
PAGE⑦  MAY GIVE RISE TO A PRESUMPTION THAT THE

DEFENDANT WAS INVOLVED IN THE THEFT, THAT
POSSESSION DOES NOT GIVE RISE TO A PRESUMPTION
THAT THE DEFENDANT WAS IN IMMEDIATE
FLIGHT FROM THE SCENE OF THE BURGLARY.
EX PARTE CAMPBELL, 574 So. 2D 713 (ALA) 1990
THE LAW ALSO STATES THAT SINCE THE
EVIDENCE CREATED MERELY A SUSPICION OF
GUILT, IT WAS WHOLLY INSUFFICIENT TO
SUPPORT A CONVICTION. RUFFIN V. STATE, 513
So. 2D 63 (ALA. CRIM. APP 1987)
ANOTHER TACK IS AS LONG AS DEFENDANTS
ACTS ARE EQUIVOCAL IT CANNOT BE SAID
THAT HE HAS AN INTENT TO COMMIT
A CRIME, AS LONG AS THIS QUALITY OF
EQUIVOCATION REMAINS THERE IS NO ATTEMPT
13A-4-2
THE LAW ALSO STATES THAT THE JURY IS
SUPPOSED TO COLLATE AND APPRAISE THE
INDEPENDENT EVIDENCE AGAINST EACH
DEFENDANT SOLELY UPON THE DEFENDANTS OWN ACTS
MOBLEY V. STATE, 563 So. 2d 29 (ALA. CRIM. APP. 1990)
THE LAW ALSO STATES THAT IF THE CO-DEFENDANTS
TESTIMONY IS THE SOLE PURPOSE TO TEND TO LINK
OR CONNECT THE DEFENDANT WITH THE ACCUSED
CRIME THEN NO CORROBORATION CAN BE MADE,
IV. ABSOLUTELY CONFLICTING TESTIMONY
ON NOVEMBER 19, 2003 MIKE AND JUDITH GRAGG
TESTIFIED AT THIS JURY TRIAL ALONG WITH

PEARL TRAMMELL THE HIRED HELP. I SUBMIT THAT THE COURT OF CRIMINAL APPEALS DID NOT REVIEW THIS CASE PROPERLY. AT THIS JURY TRIAL MIKE GRAGG TESTIFIED AND ADMITTED THAT HE DID NOT SEE ANYONE ON HIS PROPERTY AND THAT HE WENT STRICTLY BY WHAT HIS WIFE JUDITH GRAGG HAD TOLD HIM. NEXT PEARL TRAMMELL TESTIFIED AND PROCLAIMED THAT SHE SAW A VERY TALL BLACK MALE LOOKING INSIDE A WINDOW AT THE BACK OF THE HOUSE AND ANOTHER BLACK MALE STOOPED DOWN AT THE FRONT OF THE HOUSE. SHE PROCLAIMED TO REMEMBER A MAN WEARING A DARK BLUE SKI-MASK BUT DID NOT REMEMBER THE LIGHT BLUE CLOTHES HE HAD ON. SHE FURTHER TESTIFIED THAT SHE AND JUDITH GRAGG WERE BOTH STANDING LOOKING OUT THE SAME WINDOW AND JUDITH GRAGG SAID QUOTE-UNQUOTE: LOOK PEARL THERE THEY GO RUNNING TOWARD THE BARN.

NEXT MRS. JUDITH GRAGG TESTIFIED AND STATED THAT SHE WAS GOING TO TELL THE EXACT TRUTH AND IT GOES AS FOLLOWS: SHE TESTIFIED THAT SHE SAW ONLY ONE BLACK MALE IN PLAINVIEW. SHE DESCRIBED HIM AS BEING VERY TALL AND DESCRIBED EXACTLY WHAT HE HAD ON. A WHITE T-SHIRT AND BLUE JEANS AND THAT DESCRIPTION FITTED THE CO-DEFENDANT BILLY NORRIS 100%. SHE ALSO WAS VERY CLEAR THAT BILLY NORRIS WAS THE ONLY PERSON SHE SAW ON HER PROPERTY AND

THAT SHE COULD SEE THE WHOLE BACKYARD WHERE HE WAS RUNNING AND THAT SHE DID NOT SEE ANY ONE BUT HIM.

NO THE PROPER QUESTION DEALING WITH THE LAW IS WHO DO WE BELIEVE? THE OWNER OF THIS HOME MRS. JUDITH GRAGG WHO HAS NO REASON TO LIE ABOUT HER HOME AND WHAT SHE SAW OR DO WE BELIEVE THE MAID PEARL TRAMMELL WHO TESTIFIED UP UNDER OATH THAT HER AND MRS. JUDITH GRAGG WERE BOTH STANDING SIDE BY SIDE LOOKING OUT THE WINDOW AT THE TIME THIS INCIDENT OCCURRED

I AM QUITE SURE THAT IF THE COURT OF CRIMINAL APPEALS HAD REVIEWED THIS RECORDS PROPERLY AND ACCURATELY THEY WOULD HAVE VERIFIED THAT THE OWNER OF THIS RESIDENCE WORD HAS MORE MERIT THAN THE HIRED HELP. THEREFORE THIS WAS A MAIN FACTOR AT THIS JURY TRIAL TO PROVE MORE FALSE EVIDENCE BY PEARL TRAMMELL AND IF MRS. JUDITH GRAGG TESTIFIED AFTER PEARL TRAMMELL AND HEARD PEARL TRAMMELES TESTIMONY AND TAKES THE STAND AND SAY SOMETHING TOTALLY DIFFERENT IS COMPLETELY REVIEWABLE IN ITS OWN FORMAT THEREFORE THERE IS NO REASON FOR THIS MUCH CONFLICTING TESTIMONY GO UNDETECTED

## I. PREJUDICIAL ERROR

JUDGE RAY MARTIN VIOLATED HIS DISCRETION ON A COUPLE OF ISSUES.

FIRST THE JURY CAME TO HIM WITH 2 IMPORTANT QUESTIONS OF DID THEY GET HIS FINGER PRINTS OFF THE GUNS AND DID HE HAVE A CHANCE TO WRITE HIS OWN STATEMENT. HE STATED QUOTE-UNQUOTE: YOU ALL HEARD THE EVIDENCE YOU HAVE TO GO BY WHAT YOU HEARD FROM THE EVIDENCE.

THE LAW STATES THAT TRIAL JUDGE HAS SOME OBLIGATION TO MAKE REASONABLE EFFORTS TO ANSWER A QUESTION FROM THE JURY WHEN A JURY EXPLICIT ITS DIFFICULTIES, A TRIAL JUDGE SHOULD CLEAR THEM AWAY WITH CONCRETE ACCURACY. DEUTCSH V. STATE 610 SO. 20 1212 (ALA. CRIM. APP 1992)

SECOND HE DID NOT ALLOW ME TO SAY ANY THING AT SENTENCING. RULES OF COURT; RULE 26.9 PRONOUNCEMENT OF JUDGEMENT AND SENTENCE; MINUTE ENTRIES

(B). PRONOUNCEMENT OF SENTENCE: IN PRONOUNCING SENTENCE THE COURT SHALL: (1) AFFORD THE DEFENDANT AN OPPORTUNITY TO MAKE A STATEMENT IN HIS OWN BEHALF BEFORE IMPOSING SENTENCE. WHILE SPEAKING OPENLY JUDGE MARTIN SPOKE ON THIS CASE LIKE IT WAS MALICIOUS AND A VIOLENT ACT THAT HAS NEVER BEEN COMMITTED BEFORE WHILE HE WAS SPEAKING I LEANED AND

ASKED ATTORNEY KYLA GROTH HELTAM IF JUDGE
MARTIN WAS GOING TO LET ME SPEAK IN MY
BEHALF, HE EVIDENTLY SAW WHAT I WAS
ASKING HER AND PRONOUNCE SENTENCE THEN
TOLD THE TO REMAND ME BACK TO CUSTODY.
ALSO HE VIOLATED 13A-5-47

(C.) BEFORE IMPOSING SENTENCE THE TRIAL COURT
SHALL PERMIT THE PARTIES TO PRESENT
ARGUMENT CONCERNING THE EXISTENCE OF
AGGRAVATING AND MITIGATING CIRCUMSTANCE
AND THE PROPER SENTENCE IMPOSED IN THE CASE
ALSO THE PROSECUTION DISTRICT ATTORNEY
BILL LIZENBY VOUCHED FOR THE CO-DEFENDANT
BILLY NORRIS STRENGTHENING THE STATES
WITNESS CREDIBILITY. THE COURT HELD THAT
THIS WAS CLEARLY ERRONEOUS WHERE HE
STATED IN THE STRONGEST LANGUAGE, HIS
PERSONAL BELIEF IN THIS WITNESS CREDIBILITY.
COMMENTS AS A WHOLE, COULD REASONABLY
HAVE LED THE JURY TO BELIEVE THAT THE
PROSECUTOR POSSESSED ADDITIONAL REASONS
FOR KNOWING THAT, THE STATE'S WITNESS
TESTIFIED TRUTHFULLY, REASONS NOT KNOWN
TO THE JURY. GUTHRIE V. STATE 616 SO.2D 914
THE LAW ALSO STATES THAT ALTHOUGH JURY'S
DECISION CONCERNING SENTENCE IS TO BE GIVEN
CONSIDERATION BY THE TRIAL JUDGE, HE MAY ACCEPT
PAGE ⑫ OR REJECT THAT VERDICT. HOOKS V. STATE 534 SO.2D 329
(ALA. CRIM. APP. 1987)

VI. INEFFECTIVE ASSISTANCE OF COUNSEL

ATTORNEY KYLA GROFF KELIM FILED AN APPEAL
IN THIS CASE SOMEWHAT JULY 2004. SOMEWHERE
IN MY LEGAL PAPERS I HAVE A LETTER FROM
HER OFFICE STATING THAT SHE WAS STILL
WORKING ON MY CASE, BECAUSE I ASKED FOR
A COPY OF THE TRANSCRIPT FOR THIS CASE.
SHE DIDN'T TELL ME THIS CASE WAS AFFIRMED
UNTIL FEBRUARY 2005 ON WHICH I COULD HAVE
WENT TO THIS ALABAMA SUPREME COURT FOR
WRIT OF CERTIORARI, THERE IS NO RECORDS
AT THIS FACILITY OR MY LOG WHICH SHOWS
THAT SHE SENT ME VERIFICATION OF
THIS DECISION. SHE HAS BEEN STUDYING
LAW FOR NUMEROUS OF YEARS IN LOUISIANA,
FLORIDA, AND ALABAMA SO THERE IS NO EXCUSE
FOR NOT TO BRING UP CORROBORATED EVIDENCE
AT THIS JURY TRIAL. AND THE LAW ALSO
STATES THAT IF AN ATTORNEY REPRESENTS A
DEFENDANT AT TRIAL AND ON APPEAL AND
LOSES THE APPEAL ON WHICH SHE HAD ALL
KNOWLEDGE OF THE CASE, INEFFECTIVE ASSISTANCE
OF COUNSEL IS COGNIZABLE.
THEREFORE I SUBMIT TO THIS COURT A
PETITION FOR THIS EXTRAORDINARY WRIT
TO CORRECT ALL THE MISTAKES MADE IN THIS
CASE.

RESPECTFULLY, Christopher C. McCullough

PAGE 13