IN THE DISTRICT COURT OF THE
UNITED STATES FOR THE MIDDLE
DISTRICT OF ALABAMA
EASTERN DIVISION RECEIVED

CHRISTOPHER McCULLOUGH, 2007 AUG 27 A 9:43   CASE NO: 3:07-CV-26-MEA
PETITIONER,   HACKETT, CL
DISTRICT COURT
DISTRICT ALA

US,
DANIEL JONES, RESPONDENT,

RESPONSE TO ANSWER OF ATTORNEY GENERALS SECOND
EQUITABLE TOLLING CLAIM SUPPLEMENTAL

COMES NOW THE PETITIONER WITH AN RESPONSE
TO THE ATTORNEY GENERALS SECOND SUPPLEMENTAL
ANSWER,

## ARGUMENT

PETITIONER CHRISTOPHER MCCULLOUGH IS
ENTITLED TO EQUITABLE TOLLING UNDER THE
CIRCUMSTANCES OF THIS CASE PROVEN BY
INDEPENDENT EVIDENCE.

AFOREMENTIONED IN AN PREVIOUS RESPONSE
IS THAT THE CIRCUIT COURT DID NOT
ACKNOWLEDGED, OR NOTIFY PETITIONER OF
THE FINAL DECISIONS OF THESE POST CONVICTION
RULE 32'S, ON WHICH PETITIONER ESTABLISHED
AN FACT FOR PROCEDURAL DEFAULT AND HAS
PROVEN BEYOND A SHADOW OF A DOUBT THAT I
WAS INDEED PREJUDICED BY THIS DEFAULT
AN VIOLATION OF FEDERAL LAW UP UNDER
THE CONSTITUTIONS 6TH AMENDMENT ASSISTANCE
OF COUNSEL. AND IA AN ESTABLISHMENT OF
INEFFECTIVE ASSISTANCE OF COUNSEL IS
ADMINISTERED IT IS THE PETITIONERS
JOB TO PROVE THAT THIS ATTORNEY PERFORMANCE
AT TRIAL WAS DEFICIENT AND I HAVE PROVEN
THAT BY NOT CHALLENGING OR DISPUTING THE
CORROBORATE EVIDENCE AT TRIAL SHOWS THAT
HIS REPRESENTATION FELL BELOW AN OBJECTIVE
STANDARD OF REASONABLENESS AND THIS EXACT
PERFORMANCE RESULTED IN ACTUAL PREJUDICE
BECAUSE IT DENIED ME THE RIGHT FOR REVIEW
ON APPEAL

DOUBLE JEOPARDY 133 5TH AMENDMENT
TO CONVICT AND SENTENCE DEFENDANT FOR TWO
OFFENSES, CHARGED UNDER SAME STATUE AND ARISING
OUT OF ONE ACT, VIOLATES GUARANTEE AGAINST
BEING PLACED IN DOUBLE JEOPARDY, WHICH PROTECTS
DEFENDANT FROM BEING SUBJECTED TO MULTIPLE
PUNISHMENTS FOR SAME OFFENSE
U.S.C.A. CONST. AMEND, 5   ROLLING U. STATE, 673
       So.2D 812, 814 (ALA. CRIM.APP. 1995.)

THE PETITIONER SUBMITTED A SWORN AFFIDAVIT AND NUMEROUS OF EXHIBITS OF FURTHER PROVEN THAT EVERY THING HE HAS SAID DEALING WITH THESE CASES ARE TRUE AND EXACT THE EXHIBITS THAT I PRODUCED CONTRADICTS MR. CHARLES STORY AFFIDAVIT AND MRS. JAMIE OLIVER AFFIDAVIT. ALL FACTS THAT I PRODUCE TO THIS COURT ARE GENUINE AND NOT FRIVOROLOUS.

I HAVE DEMONSTRATED THAT I AM ENTITLED TO EQUITABLE TOLLING. ANYTHING FILED IN CRIMINAL COURT DEALING WITH THE INSTANT CASES IS DEEMED APPROPRIATE AND IS IN PROPER FORM FOR REVIEW AND ANY FINAL DECISIONS ON ANY MOTIONS OR WRITS OF THESE INSTANT CASES ARE APPEALABLE, THEREFORE THE ISSUES OF THESE EXTRAORDINARY WRITS ARE DEEMED VALUEBLE ON THEIR FACE AND CANNOT BE OVERLOOKED.

A STATE PRISONER CAN OVERCOME A PROCEDURAL DEFAULT AND THUS PROCURE FEDERAL HABEAS CORPUS REVIEW OF HIS BARRED CLAIMS, IF HE CAN DEMONSTRATE CAUSE FOR THE DEFAULT AND ACTUAL PREJUDICE AS A RESULT OF THE ALLEGED VIOLATION OF FEDERAL LAW. I HAVE UNDISPUTIVELY DONE THAT (SEE PAGE ②). THE CHAMBERS COUNTY CIRCUIT CLERK HAS INDEED VERIFIED THIS DEFAULT OF ME NOT RECEIVING THE FINAL NOTICE BY WRITTEN ORDER OF THESE RULE 32'S IN HIS AFFIDAVIT, BY DISCLOSING IN HIS SWORN AFFIDAVIT THAT THERE IS NO RECORD IN HIS OFFICE THAT HE EVER SENT ME A COPY OF THIS ORDER THEREFORE THIS DEFAULT SHOULD NOT AND CANNOT BE DISPUTED BY ANY MEANS.

THE AFFIDAVIT DISCLOSED BY CHARLES STORY CONDONES MY DEMONSTRATION FOR CAUSE FOR DEFAULT.

PAGE ③

ALL OF THESE ISSUES THAT I HAVE RAISED IN HABEAS CORPUS ALSO WAS RAISED OR RULE 32 BY AN SPAGE ADDITIONAL ISSUES. THESE PAGES WERE ADDED TO STEM AN MISCARRIAGE OF JUSTICE, DEALING WITH INEFFECTIVE ASSISTANCE OF COUNSEL MR. STEVE MORRIS NOT AT ANY TIME AT TRIAL DISPUTED THE CORROBORATE EVIDENCE AT THIS TRIAL CONTRADICTIVE TESTIMONY OF CO-DEFENDENT. NO PHYSICAL EVIDENCE THAT I WAS IN THIS RESIDENCE BECAUSE CO-DEFENDENT BILLY NORRIS SAID THAT I BURGLARIZED THIS RESIDENCE BARE HANDED. JUDGE TOM YOUNG GAVE INJUROUS JURY INSTRUCTIONS HE INSTRUCTED THE JURY TO FIND ME GUILTY OF BURGLARY AND THEFT AND NOT GUILTY OF RECEIVING STOLED PROPERTY OR GUILTY OF RECEIVING STOLEN PROPERTY AND NOT GUILTY OF BURGLARY AND THEFT. WHICH MEANS I WENT TO JURY TRIAL TO AUTOMATICALLY RECEIVE AN CONVICTION WHICH FALLS UP UNDER DOUBLE JEOPARDY. ALABAMA LAW IS WELL SETTLED AND STATES THAT EVIDENCE TENDING TO PROVE THAT THE ACCUSED CAME INTO POSSESSION OF THE PROPERTY DESCRIBED IN THE INDICTMENT SOLELY THROUGH BURGLARIZATION OF A HOUSE WAS INSUFFICIENT TO AUTHORIZE A CONVICTION OF RECEIVING STOLEN GOODS. IT IS AN ELEMENTARY PRINCIPLE OF LAW THAT THE PRINCIPLE OF THEFT, OR THE PERSON WHO ACTUALLY STEALS THE PROPERTY, CANNOT BE CONVICTED OF THE CRIME OF RECEIVING, CONCEALING, OR AIDING IN THE CONCEALMENT OF THE PROPERTY STOLEN. DAVIDSON VS. STATE THIS AN VIOLATION OF FEDERAL LAW

360 SO. 2D 728
(ALA. CRIM. APP. 1978.)

CLAIM THAT THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE JURYS VERDICT CANNOT BE REVIEWED ON APPEAL UNLESS THE APPELLANT HAS CHALLENGED SUCH EVIDENCE BY A MOTION TO EXCLUDE THE STATES EVIDENCE, MOTION FOR JUDGEMENT OF ACQUITTAL, REQUEST FOR THE AFFIRMATIVE CHARGE, OR THROUGH A MOTION FOR A NEW TRIAL FILED IN THE TRIAL COURT.

ENGLISH V. STATE, 457 SO. 2D 458
(ALA. CRIM. APP. 184.)

## IN CONCLUSION

PETITIONER IS VERIFYING THAT HE HAS MADE
AN SUBSTANTIAL SHOWING OF THE DENIAL
OF A CONSTITUTIONAL RIGHT AND THAT I DO
DEMONSTRATE THAT MY PETITION INVOLVES
ISSUES WHICH ARE DEBATABLE AMONG
REASONABLE JURISTS, THAT A COURT COULD
RESOLVE THE ISSUES DIFFERENTLY, AND THE
ISSUES ARE ADEQUATE ENOUGH TO DESERVE
ENCOURAGEMENT TO PROCEED FURTHER.
THERE FORE PETITIONER CONTINUES TO
REQUEST FOR HABEAS RELIEF AS HE SO MUCH
DESERVES. I HAVE MET THE OUTSTANDING
BURDEN OF PROVING MULTIPLE DEFAULTS AND
REQUEST RELIEF FOR THIS MISCARRIAGE OF
JUSTICE

RESPECTFULLY,

Signature, Christopher C. McCullough
Christopher C. McCullough
PRO 'SE

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT I HAVE SENT AN EXACT, SAME COPY OF THE FOREGOING TO:

TROY KING
ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130-0152

BY PLACING THE SAME IN THE UNITED STATES MAIL, POSTAGE PAID ON THIS THE 30TH DAY OF JULY MONTH 2007

RESPECTFULLY,

Signature, Christopher C. McCullough
Christopher C. McCullough
PRO'SE

PAGE (6)