IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| CHRISTOPHER MCCULLOUGH, #174 909 | * | |
| Petitioner, | * | |
| v. | * | 3:07-CV-26-MEF (WO) |
| GARY HETZEL, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Christopher McCullough, a state inmate, on December 28, 2006. In the petition, Petitioner challenges the convictions for first degree burglary and second degree theft of property imposed upon him by the Circuit Court for Chambers County, Alabama, on November 7, 2002. Although Respondents initially maintained that the instant habeas petition was subject to dismissal as barred by the statute of limitations, as a result of subsequent pleadings and documents filed in this matter, Respondents now assert that Petitioner has failed to exhaust state remedies with respect to the claims currently pending before this court. Specifically, Respondents maintain that the appeal from the denial of Petitioner's March 28, 2004 Rule 32 petition is currently pending in the Alabama Court of Criminal Appeals.[1]  (*Doc. No. 45, Exhs. A, B.*)

---

[1] Respondents also point out that Petitioner did not raise the claims presented in the instant federal habeas petition in his March 28, 2004 Rule 32 petition filed with the Circuit Court for Chambers County,

Upon review of Respondents' answer, the court entered an order affording Petitioner an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state remedies and he has done so. (*Doc. Nos. 47, 48.*) Upon review of the petition, Respondents' answers, (*see Doc. Nos. 39, 43, 45*) and Petitioner's response, the court concludes that the instant habeas corpus action should be dismissed because Petitioner has failed to exhaust state remedies with respect to each of the claims raised therein. Specifically, the pleadings and documents before the court reflect that Petitioner currently has an appeal of his Rule 32 petition pending in the Alabama Court of Criminal Appeals.

## I. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 225(c). The

---

and therefore, his appeal from the dismissal of that petition will not serve to exhaust the claims before this court. (*Doc. No. 45 at pg. 2.*) In its April 21, 2009 order dismissing Petitioner's March 28, 2004 post-conviction petition, the trial court noted that Petitioner appeared to claim that (1) his convictions resulted from an unlawful search and seizure; (2) his convictions resulted from the State's failure to disclose favorable evidence; (3) his convictions were obtained by a violation of the protection against double jeopardy; (4) he was denied effective assistance of counsel; and (5) newly discovered material facts establish that he is innocent of his crimes. (*Id. at Exh. B.*) In the instant federal habeas application, and as noted by Respondents, Petitioner raises the following claims: (1) his convictions stemmed from an unlawful search and seizure; (2) the State failed to disclose favorable evidence; (3) he received ineffective assistance of counsel; and (4) his convictions violated his right not to be placed in double jeopardy. (*See Doc. No. 1.*) Therefore, it appears that the claims presented in this application for habeas relief were, contrary to Respondents' assertion, raised in Petitioner's March 28, 2004 post-conviction petition, and thus, those same claims are conceivably before the Alabama Court of Criminal Appeals for appellate review.

exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

Petitioner contends that the recent ruling entered by the trial court on his 2004 Rule 32 petition does not "coincide" with the orders of this court, is "bogus," and should be considered moot, and stricken from the record. (*Doc. No. 48*.) Petitioner further maintains that the recent actions of the trial court with respect to his 2004 Rule 32 petition are a "desperate attempt. . . to keep [him] from seeking the appropriate relief in federal court . . ." (*Id.*) Petitioner also contends that this court should "keep" the instant petition for a determination of the issues presented herein pending a resolution of the recent order entered by the trial court on his post-conviction petition which fails to comply with the "instructions" and "criteria" of this court. (*Id.*)

Careful review of the pertinent pleadings, documents and responses filed in this matter convinces the undersigned that it is not appropriate for the court to rule on the merits of

Petitioner's claims without first requiring that he exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court proceeding as there is nothing before this court which indicates the requisite "good cause for Petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).[2]

In light of the foregoing, the Magistrate Judge concludes that Petitioner's petition for habeas corpus relief should be dismissed without prejudice so that he can pursue those state court remedies which remain available to him.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Christopher McCullough be DISMISSED without prejudice to afford him an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before **August 3, 2009,** the parties may file objections to the

---

[2] In *Rhines*, the Supreme Court approved the use of a "stay and abeyance" procedure in certain instances where a "mixed" federal habeas corpus application contains both exhausted and unexhausted claims. 544 U.S. 269.  A "stay and abeyance should be available only in limited circumstances." *Id.* at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. . ." *Id.*  The court finds that the limited circumstances in which *Rhines* applies are not found in this case, including the fact that Petitioner has failed to demonstrate good cause for his failure to exhaust any potential grounds for relief in a timely fashion.

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 22nd day of July, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE